ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
LINDSAY D. MOLNAR (SBN 275156)
E-Mail: lmolnar@rpblaw.com
RESCH POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California 90069-3604
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendant Robert Stein

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

AYMAN KANDEEL and
KIRKWOOD DREW,

Plaintiffs,

vs.

BRET SAXON, INSOMNIA MEDIA
GROUP, IMG FILM,
INCORPORATED, IMG FILM 14,
INC., ROB STEIN, and DOES 1-50,
inclusive,

Defendants.

Case No.: CV11 02747 RSWL AJWx

NOTICE OF REMOVAL OF
ACTION UNDER 28 U.S.C. §1441(b)
(FEDERAL QUESTION)

Action Filed:   March 1,2011
Trial Date:     None Set

TO: THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Robert Stein (sued as Rob Stein) ("Stein") hereby removes to this Court the state court action described below.

1.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under 18 U.S.C.§ 1961 et seq. and is founded on a claim or right arising under the laws of the United States.

415663.1

2.   On March 1, 2011, an action was commenced in the Superior Court of the State of California for the County of Los Angeles entitled Ayman Kandeel, et al. v. Bret Saxon, et al., bearing case No. SC111666.  A copy of the complaint is attached hereto as Exhibit "A"

3.   The first date upon which defendant Stein received a copy of the complaint was March 3, 2011, when Stein was served with a copy of the complaint and a summons from the state court.  Stein is informed and believes, and based thereon alleges, that the remaining defendants were served on or after the same date.

4.   All other defendants have joined in this Notice of Removal, as evidenced by the joinder attached hereto as Exhibit "B".

Dated: March 3 1, 2011            RESCH POLSTER & BERGER LLP


By:
ANDREW V. JABLON
Attorneys for Defendant Rob Stein

EXHIBIT "A"

03/02/2011  10:41    3102293501              BARANOV & WITTENBERG              PAGE  02/30

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** BRET SAXON, INSOMNIA MEDIA GROUP,
*(AVISO AL DEMANDADO):* IMG FILM, INCORPORATED, IMG FILM
14, INC., ROB STEIN, and DOES 1-50, inclusive

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ORIGINAL FILED
LOS ANGELES SUPERIOR COURT
JOHN A. CLARKE, CLERK

MAR 01 2011

By:

DEPUTY

**YOU ARE BEING SUED BY PLAINTIFF:** AYMAN KANDEEL and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* KIRKWOOD DREW

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER:**
*(Número del Caso):*
**SC111666**

LOS ANGELES COUNTY SUPERIOR COURT
1725 MAIN STREET
1725 MAIN STREET
SANTA MONICA, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

MICHAEL M. BARANOV, ESQ. - SBN145137          310.229.3500
BARANOV & WITTENBERG, LLP
1901 AVENUE OF THE STARS, SUITE 1750
LOS ANGELES, CA 90067

DATE:                                    Clerk, by _____ J. Denham _____, Deputy
*(Fecha)* MAR 01 2011 JOHN A. CLARKE    *(Secretario)*                      *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal
Solutions
CA Plus

03/02/2011  10:41    3102293501        BARANOV & WITTENBERG            PAGE  03/30

MICHAEL M. BARANOV - Bar No. 145137
BARANOV & WITTENBERG, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067
Tel: (310) 229-3500

ORIGINAL FILED
LOS ANGELES SUPERIOR COURT
JOHN A. CLARKE, CLERK

MAR 0 1 2011

By: _____
DEPUTY

Attorneys for Plaintiffs, AYMAN KANDEEL and KIRKWOOD DREW

CASE MANAGEMENT CONFERENCE

JUN 2 0 2011   8:30am

Date

Dept. P.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

|  |  |
|---|---|
| AYMAN KANDEEL and KIRKWOOD DREW,<br><br>Plaintiffs,<br><br>-vs-<br><br>BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., ROB STEIN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.  **SC111666**<br><br>ALLAN J. GOODMAN<br><br>**COMPLAINT FOR:**<br><br>1. Rescission<br>2. Breach of Contract I<br>3. Breach of Contract II<br>4. Fraud and Deceit<br>5. RICO Conspiracy<br>6. Money Had And Received<br>7. Conversion<br>8. Constructive Trust and Injunctive Relief<br>9. Unjust Enrichment<br>10. Accounting<br><br>[Demand For Trial By Jury] |

COME NOW, PLAINTIFFS, AYMAN KANDEEL and KIRKWOOD DREW

(hereinafter referred to as the "Plaintiffs"), and allege as follows:

1.   At all times herein mentioned, plaintiff AYMAN KANDEEL ("KANDEEL") was an individual residing in the City of Los Angeles, State of California.

2.   At all times herein mentioned, plaintiff KIRKWOOD DREW ("DREW") was an individual residing in the City of Los Angeles, State of California.

3.   Defendant BRET SAXON ("SAXON") is an individual residing in the City of Los Angeles, and doing business within the County of Los Angeles, State of California.  He is the

**COMPLAINT**                                    1

principal, officer, director, manager and member of co-defendants INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC. and DOES 1-10.

4.   Defendant INSOMNIA MEDIA GROUP is a business organization, form unknown, doing business within the County of Los Angeles, State of California.

5.   Defendant IMG FILM, INCORPORATED is a corporation organized under the laws of the State of California, and doing business within the County of Los Angeles, State of California.

6.   Defendant IMG FILM 14, INC. is a corporation organized under the laws of the State of California, and doing business within the County of Los Angeles, State of California.

7.   Defendant ROB STEIN ("STEIN") is an individual residing in the City of Los Angeles, and doing business within the County of Los Angeles, State of California.  STEIN is the accountant, bookkeeper, and finance executive of one or more of SAXON's entities, including but not limited to co-defendants INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC. and DOES 1-20.  STEIN has performed accounting and banking work with and for SAXON for many years, and is intimately familiar with all aspects of the books, records, and banking of SAXON and his entities, including but not limited to INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC. and DOES 1-20.

8.   Plaintiffs do not know the true names of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

9.   Unless otherwise alleged in this complaint, plaintiffs are informed and believe, and on the basis of that information and belief allege, that at all times mentioned in this complaint, each of the defendants was an agent and/or employee of their codefendants, and in doing the things alleged in this complaint, was acting within the course and scope of that agency and employment.

10.  Plaintiffs are informed and believe, and thereon allege, that each of the individual defendants exercised such control and dominion over the business entity codefendants so as to make them their mere alter egos and instrumentalities and, as a result, each of the business entity codefendants' corporate and/or limited liability company shields should be disregarded and the

**COMPLAINT**                                    2

03/02/2011  10:41   3102293501          BARANOV & WITTENBERG          PAGE  05/30

1   business entity defendants rendered mere instrumentalities and alter egos of the controlling

2   defendants.

3

4   ### FACTS COMMON TO ALL CAUSES OF ACTION

5   A.   SAXON's Appearance of a Luxury Lifestyle

6       11.   SAXON's lifestyle and professional image are well-known to plaintiffs and others,

7   and SAXON uses that image to project an aura of success and financial solvency.  SAXON owns a

8   10,900-square-foot home in Pacific Palisades, California, which includes a tennis court, swimming

9   pool, and a film theater, at which he entertains clients and potential investors.  SAXON frequently

10  flies in private jets, often traveling with friends and associates to Las Vegas, to sporting events, and

11  to luxurious destinations. SAXON has had a number of exotic or luxury cars for his use, and to

12  portray an image of success and wealth, including four (4) Mercedes, a Bentley, and a Ferrari.

13  SAXON employs a housekeeper, a nanny, a tennis coach at his home, and a personal trainer, that

14  travels with him.  SAXON frequently entertained and used an exclusive Black American Express

15  credit card.  Plaintiffs are informed and believe and thereon allege that neither the automobiles nor

16  the exclusive credit card belong to SAXON, and were owned by third parties and were backed by

17  accounts not issued in SAXON's name.  On numerous occasions, SAXON represented himself to

18  plaintiffs to be an experienced and successful author, executive, businessman, consultant, and

19  motion picture producer.  SAXON's decadent lifestyle was consistent with these representations.

20  B.   The "Robert DeNiro Presents:  20% Fiction" Investment Contract

21      12.   In September of 2007, plaintiff KANDEEL wired defendants $1,000,000, which

22  defendants, through their agent defendant SAXON, told him would be used to produce a film

23  entitled "Robert DeNiro Presents:  20% Fiction", written by Barry Primus (the "Motion

24  Picture").  Attached hereto as Exhibit "A" and incorporated by this reference as if set forth in full

25  is a copy of the contract to finance the Motion Picture ("The 20% Fiction Investment Contract").

26  The $1,000,000 was wired to defendants in a sign of the utmost of good faith and based on

27  defendants' representation that Robert DeNiro was on board to produce, and to grant his name

28  and likeness in connection with "20% Fiction", and that defendants controlled the script for the

COMPLAINT                                    3

03/02/2011  10:41     3102293501          BARANOV & WITTENBERG                    PAGE  06/30

1   Motion Picture, written by Barry Primus, and that there were substantial pre-sales of the rights to

2   the Motion Picture.  The transaction was contingent on defendants' receipt of an additional

3   $3,600,000 from other investors, who decided not to move forward.  Therefore, The 20% Fiction

4   Investment Contract was rescinded.  However, despite repeated requests, the $1,000,000 was

5   never returned to plaintiff KANDEEL.  Instead, defendants have informed KANDEEL that the

6   sum has been spent by them on pre-production.  Plaintiffs are informed and believe, and thereon

7   allege, that these representations are false and that defendants have in fact spent around $23,000

8   on pre-production and have converted plaintiff KANDEEL's funds for their own personal use

9   and expenses.

10      C.    The DREW Loan

11      13.    In or about February 2007, defendants, through their agent SAXON, represented

12   to plaintiff DREW that they had two motion picture projects for films entitled "Viral" and

13   "Motel Hell", that were represented and packaged by the William Morris Agency and green lit

14   by MGM, and which had been pre-sold internationally for sums in excess of the production

15   budgets.  Defendants characterized these projects as a "slam dunk" and requested plaintiff

16   DREW to lend them the sum of $250,000 for pre-production expenses.  Defendants promised

17   plaintiff DREW that his money would be returned in three months, with interest.  Based on these

18   representations, on or about February 15, 2007, plaintiff DREW lent defendants $250,000.

19   However, no written contract was ever provided by defendants to plaintiff DREW, despite his

20   repeated requests.  When this sum was not returned, defendants continued to tell plaintiff DREW

21   of other deals and projects that they would place him in.  None of these ever materialized.

22      14.    In August of 2008, while defendant SAXON was at plaintiff DREW's house,

23   defendant SAXON promised to return the money to plaintiff DREW in full.  To date, only

24   $30,000 of this sum has been returned, leaving a balance owing of $220,000.  The check for

25   $30,000 received by plaintiff DREW was drawn on the account of "East Bronx Productions", an

26   entity unknown to plaintiff DREW at the time.  Plaintiff DREW is informed and believes and

27   thereon alleges that "East Bronx Productions" was another entity set up by defendants for a

28   different motion picture project using funds of other investors and that defendants' use of this

COMPLAINT                                    4

account to repay a portion of funds owed to plaintiff DREW was part of an ongoing interstate Ponzi scheme, operated by defendants.

    D.    The Middle Eastern Themed Motion Picture Consulting Contract

    15.    Between October 19, 2006 and October 1, 2007, defendants were also paid a total of $300,000 to consult on a Middle Eastern themed motion picture project for plaintiff KANDEEL. Nothing but talk and expensive trips came of this process. Portions of a screenplay eventually provided by defendants were not accompanied by any documents supporting their rights to it, rendering it worthless and unusable.

<u>FIRST CAUSE OF ACTION FOR RESCISSION OF</u>

<u>"ROBERT DENIRO PRESENTS: 20% FICTION" INVESTMENT CONTRACT</u>

(By plaintiff KANDEEL against all defendants)

    16.    Plaintiff incorporates paragraphs 1 through 15 above as though set forth in full herein.

    17.    Plaintiff KANDEEL in September of 2007, has wired defendants $1,000,000, which defendants, through their agent defendant SAXON, told him would be used to produce a film entitled "Robert DeNiro Presents: 20% Fiction", pursuant to the terms of a written agreement, dated September 1, 2007, a copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference as if set forth in full. This amount was wired to defendants in a sign of the utmost of good faith and based on defendants' representation that Robert DeNiro was on board to produce, and to grant his name and likeness in connection with "20% Fiction" and that Barry Primus has written an original motion picture screenplay by the same name. The transaction was contingent on defendants' receipt of an additional approximate $3,600,000 from other investors, who decided not to move forward. Therefore, the transaction was rescinded. However, despite repeated requests, this sum was never returned to plaintiff KANDEEL.

    18.    Plaintiff KANDEEL requests an order rescinding the "Robert DeNiro Presents: 20% Fiction" Investment Contract and mandating defendants to return the sum of $1,000,000 to him, with interest thereon.

COMPLAINT                   5

## SECOND CAUSE OF ACTION FOR BREACH OF CONTRACT:
## THE DREW LOAN

(By plaintiff DREW against all defendants)

19.     Plaintiff incorporates paragraphs 1 through 18 above as though set forth in full herein.

20.     Plaintiff has performed all of its conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the Drew Loan.

21.     Defendants breached their obligations pursuant to the Drew Loan and failed to repay the loan.

22.     As a result of defendants' breach of the Drew Loan, plaintiff DREW has been damaged in the sum of $220,000 with interest thereon.

## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT:
## MIDDLE EASTERN THEMED MOTION PICTURE CONSULTING CONTRACT

(By plaintiff KANDEEL against all defendants)

23.     Plaintiff incorporates paragraphs 1 through 22 above as though set forth in full herein.

24.     Plaintiff KANDEEL has performed all of its conditions, covenants, and promises required by it on its part to be performed in accordance with the terms and conditions of the Middle Eastern Themed Motion Picture Consulting Contract, and has paid defendants the sum of $300,000.

25.     Defendants have breached the Middle Eastern Themed Motion Picture Consulting Contract by misutilizing the funds paid therefor, converting said funds for their personal purposes and providing a portion of a screenplay which was not accompanied by any documents supporting their rights to it, rendering it worthless and unusable.

26.     As a result of defendants' breach of the Middle Eastern Themed Motion Picture Consulting Contract, plaintiff KANDEEL has been damaged in the sum of $300,000 with interest thereon.

COMPLAINT                                          6

## FOURTH CAUSE OF ACTION FOR FRAUD AND DECEIT

### (By plaintiffs against all defendants)

27.    Plaintiffs incorporate paragraphs 1 through 26 above as though set forth in full herein.

28.    Commencing in May of 2006, and continuing thereafter, in Los Angeles, California, defendants, through their authorized agent, defendant SAXON, made representations to plaintiffs that defendants were competent and successful motion picture producers, that they had pre-sold foreign distribution rights to their motion picture projects for sums in excess of the production budgets, and that if plaintiffs would provide funds to defendants, the funds would be invested in motion picture projects, secured by existing foreign distribution contracts, and that plaintiffs' investments would produce significant returns.

29.    In reliance on these representations, plaintiffs entered into the Drew Loan, the Middle Eastern Themed Motion Picture Consulting Contract and the "Robert DeNiro Presents: 20% Fiction" Investment Contract, and provided defendants with funds totaling $1,520,000.

30.    Unbeknown to plaintiffs, defendants' representations were in fact false, because, among other falsehoods, no pre-sale agreements existed and defendants did not even control the underlying rights to the projects which they claimed to be developing and, instead, plaintiffs' funds were converted by defendants for other purposes, as part of a Ponzi scheme being run by defendants.  Had the plaintiffs knows the true facts, they would not have entered into any business relationship with defendants and would not have provided any money to defendants.

31.    As a result of the pattern of fraud and deceit by defendants, plaintiffs have been injured in the sum of no less than $1,520,000, with interest thereon.

32.    All of the aforementioned acts of defendants were willful, malicious and intentional, designed expressly to harm plaintiffs.  As a result, plaintiffs are entitled to exemplary and punitive damages, in an amount sufficient to punish the defendants.

///

///

**COMPLAINT**                                    7

## FIFTH CAUSE OF ACTION FOR VIOLATION OF RICO (Section 1962(c))

### (By plaintiffs against all defendants)

33.     Plaintiffs incorporate paragraphs 1 through 32 above as though set forth in full herein.

34.     Defendants, and each of them, were associated with an enterprise that engaged in or affected interstate commerce.  Plaintiff is informed and believes and thereon alleges that defendants SAXON and STEIN operated or managed the enterprise through a pattern of racketeering activity, namely soliciting funds from plaintiff and other similarly situated persons and entities, through the repeated use of the mail and wire transfers, for fraudulent purposes. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, committed fraud via internet communications, facsimile transmissions, telephone conversations, mail fraud, and wire transfers occurring in interstate commerce, and otherwise defrauded plaintiff, including but not limited to those alliterations set forth above.  Plaintiff is also informed and believes and thereon alleges that defendants threatened and intimidated creditors and witnesses in order to coerce their silence and prevent them from disclosing unlawful and/or fraudulent acts.

35.     The acts of defendants and their co-conspirators as described above against plaintiff and others have the same or similar purposes, results, participants, victims, or methods of commission, and are otherwise interrelated by distinguishing characteristics and are therefore not isolated events.

36.     The acts of defendants and their co-conspirators as described throughout this complaint amount to or pose a threat of continued and/or ongoing criminal activity.

37.     The acts of defendants and their co-conspirators, including the acts of wire fraud (18 U.S.C. Section 1343) and mail fraud were a regular way of conducting the ongoing business of defendants and their co-conspirators.   Plaintiff is informed and believes that in addition to it, there are other similarly situated persons and parties, which were deceived by the acts of defendants and their co-conspirators.

COMPLAINT                                              8

38.   Defendants and each of them, are entities capable of holding legal or beneficial interests in property and, as such, are subject to the RICO Act pursuant to 18 U.S.C Section 1961(3). During all relevant times, defendants, and other entities unknown to plaintiff were and are part of an "enterprise" as the term is defined in 18 U.S.C. Section 1961(4), having a common or shared purpose, functioning as a continuing unit, engaged in interstate commerce and the activities which affect interstate commerce, and which has an ascertainable structure distinct from that which is inherent in the conduct of the pattern of racketeering.  Plaintiff is informed and believes that defendants SAXON and STEIN established numerous subsidiaries or affiliates of IMG, in order to effect the enterprise and deceive investors and creditors.  Plaintiff is informed and believes that SAXON and/or STEIN may have used IMG and/or other business entity defendants to effect the enterprise and deceive investors and creditors.

39.   The wire fraud and mail fraud perpetrated by defendants as alleged above constitutes a pattern of racketeering activity consisting of two or more acts or racketeering activity, on of which occurred after the effective date of 18 U.S.C. Section 1961, et seq., and the last of which occurred within ten years after the commission of a prior act of racketeering activity, as alleged above.

40.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, defendants used income derived, either directly or indirectly, from the above-described pattern of racketeering activity in the establishment and/or operation of an enterprise, namely the business entity defendants named herein, which engaged in and/or whose activities affected interstate commerce, in violation of 18 U.S.C. Section 1962(a).

41.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, in undertaking the actions described herein, defendants, through a pattern of racketeering activity, directly or indirectly acquired and maintained an interest in and control over an enterprise which engaged in and/or whose activities affected interstate commerce, in violation of 18 U.S.C. Section 1962(b).

42.   Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, in undertaking the actions described herein, business entity defendants, and their officers

**COMPLAINT**                                        9

and employees, were associated with an enterprise, the activities of which affect interstate commerce, and conducted and participated, directly or indirectly, in the conduct of the affairs of the enterprise through above-described pattern of racketeering activity in violation of 18 U.S.C. Section 1962(c).

43.    Plaintiff is informed and believes, and on that basis alleges, that defendants, and each of them, and their officers and employees, conspired with each other and with third parties, to perpetrate the above-described pattern of racketeering, in violation of 18 U.S.C. Section 1962(d).

44.    As a result of the pattern of racketeering activity by defendants, plaintiff has sustained injury in its property and to its business in the sum of no less than $2,192,500, with interest thereon. Plaintiff is also entitled to recover treble damages, costs of suit, and attorneys' fees in accordance with 18 U.S.C. Section 1964(c), as Congress has authorized private party enforcement of the RICO statute and reimbursement of attorneys' fees expended therein.

45.    All of the aforementioned acts of defendants were willful, malicious and intentional, designed expressly to harm plaintiffs. As a result, plaintiff is entitled to exemplary and punitive damages, in an amount sufficient to punish the defendants.

## SIXTH CAUSE OF ACTION FOR MONEY HAD AND RECEIVED

### (By plaintiffs against all defendants)

46.    Plaintiffs incorporate paragraphs 1 through 45 above as though set forth in full herein.

47.    Plaintiff KANDEEL has provided the sum of $1,000,000 in connection with the "Robert DeNiro Presents: 20% Fiction" Investment Contract, and $300,000 in connection with services to be rendered and rights to be acquired on the Middle Eastern Themed Motion Picture Consulting Contract. Plaintiff DREW has provided the sum of $220,000 pursuant to the Drew Loan.

**COMPLAINT**                                    10

48.    As a result of above-referenced sale, defendants became indebted to the plaintiff KANDEEL for the sum of $1,300,000, and to plaintiff DREW for the sum of $220,000, for money, goods and services had and received by the defendants for the use of the plaintiffs.

49.    Despite demands, no payment has been made by defendants to plaintiff and there is now owing the sum of $1,300,000 to plaintiff KANDEEL and $220,000 to plaintiff DREW, with interest thereon.

## SEVENTH CAUSE OF ACTION FOR CONVERSION

### (By plaintiffs against all defendants)

50.    Plaintiffs incorporate paragraphs 1 through 49 above as though set forth in full herein.

51.    Plaintiffs demanded the immediate return of the money owed to them, but defendants failed and refused, and continue to fail and refuse, to return the money owed to plaintiffs, totaling $1,300,000 to plaintiff KANDEEL and $220,000 to plaintiff DREW, with interest thereon.

52.    As a proximate result of defendants' conversion, plaintiffs have expanded attorneys' fees and costs in pursuit of the converted property, and foregone interest, all to plaintiffs' damage in the sum which will be proven at trial.

53.    All of the aforementioned acts of defendants were willful, malicious and intentional, designed expressly to harm plaintiffs. As a result, plaintiffs are entitled to exemplary and punitive damages, in an amount sufficient to punish the defendants.

## EIGHTH CAUSE OF ACTION FOR CONSTRUCTIVE TRUST

### (By plaintiffs against all defendants)

54.    Plaintiffs incorporate paragraphs 1 through 53 above as though set forth in full herein.

55.    Defendants' wrongful and fraudulent retention of the money owed to plaintiffs are wrongful and without substantial justification.

**COMPLAINT**                                                11

56.     It is hereby requested that a constructive trust issue, with defendants holding said sums, totaling at $1,520,000, in trust for plaintiffs, until judgment in the within action is rendered.

### NINTH CAUSE OF UNJUST ENRICHMENT

(By plaintiffs against all defendants)

57.     Plaintiffs incorporate paragraphs 1 through 56 above as though set forth in full herein.

58.     Pursuant to the "Robert DeNiro Presents: 20% Fiction" Investment Contract, the Drew Loan, and the Middle Eastern Themed Motion Picture Consulting Contract, defendants received from plaintiff KANDEEL the sum of $1,300,000 and from plaintiff DREW the sum of $220,000.  Defendants failed to perform their obligations pursuant to the "Robert DeNiro Presents: 20% Fiction" Investment Contract, the Drew Loan, and the Middle Eastern Themed Motion Picture Consulting Contract.

59.     Defendants will be unjustly enriched unless defendants are ordered to pay to plaintiff KANDEEL the sum of $1,300,000 and to plaintiff DREW the sum of $220,000, with interest thereon.

### TENTH CAUSE OF ACTION FOR AN ACCOUNTING

(By plaintiffs against all defendants)

60.     Plaintiffs incorporate paragraphs 1 through 59 above as though set forth in full herein.

61.     By virtue of the existence of the "Robert DeNiro Presents: 20% Fiction" Investment Contract, the Drew Loan, and the Middle Eastern Themed Motion Picture Consulting Contract, plaintiffs are entitled to an accounting of defendants' books and records pertaining to each of those contracts and the development of any and all entertainment projects related thereto by defendants.

**COMPLAINT**                                    12

WHEREFORE, plaintiff KANDEEL prays judgment against defendants, and each of them, as follows:

1.     For compensatory damages in the sum to be proved at trial but no less than $1,300,000.

2.     For an order rescinding the "Robert DeNiro Presents:  20% Fiction" Investment Contract, and ordering the refund of $1,000,000, with interest thereon.

3.     For damages for the proximate and foreseeable loss resulting from defendants' breach of the Middle Eastern Themed Motion Picture Consulting Contract according to proof but no less than $300,000, with interest thereon.

4.     For general damages in the sum to be proved at trial.

5.     For treble damages

6.     For exemplary and punitive damages in the sum to be proved at trial, but no less than $10,000,000.

7.     For the imposition of constructive trust over sums held by defendants.

8.     For an accounting of defendants' books and records, including those pertaining to the Middle Eastern Themed Motion Picture Consulting Contract and the "Robert DeNiro Presents:  20% Fiction" motion picture project.

9.     For prejudgment interest on all amounts claimed.

10.    For reasonable attorney's fees incurred herein.

11.    For costs of suit incurred herein.

12.    For such other and further relief as the court may deem proper.

WHEREFORE, plaintiff DREW prays judgment against defendants, and each of them, as follows:

1.     For compensatory damages in the sum to be proved at trial but no less than $220,000.

2.     For damages for the proximate and foreseeable loss resulting from defendants' breach of The Drew Loan.

**COMPLAINT**                                13

3.   For general damages in the sum to be proved at trial.

4.   For treble damages

5.   For exemplary and punitive damages in the sum to be proved at trial, but no less than $5,000,000.

6.   For the imposition of constructive trust over sums held by defendants.

7.   For an accounting of defendants' books and records, including those pertaining to the Drew Loan and any and all entertainment projects related thereto.

8.   For prejudgment interest on all amounts claimed.

9.   For reasonable attorney's fees incurred herein.

10.  For costs of suit incurred herein.

11.  For such other and further relief as the court may deem proper.

DATED: February 28, 2011          BARANOV & WITTENBERG, LLP

                                  By: _____

                                  MICHAEL M. BARANOV
                                  Attorneys for Plaintiffs


### DEMAND FOR TRIAL BY JURY


Plaintiffs demand that this case be tried by a jury.


DATED: February 28, 2011          BARANOV & WITTENBERG, LLP

                                  By: _____

                                  MICHAEL M. BARANOV
                                  Attorneys for Plaintiffs


**COMPLAINT**                         14

# EXHIBIT "A"



September 1, 2007

Re:    "20% Fiction"

        This letter confirms the terms of the agreement between IMG Film inc. (referred to as "Company") and your firm,  ("Financier") with respect to the proposed production, distribution and exploitation of a motion picture based on the original screenplay currently entitled "20% Fiction" ("Picture") written by Barry Primus. Company and Financier are referred herein individually as "Party" and collectively as "Parties."

WHEREAS, Company intends to produce the Picture in the Winter of 2007/8 with principal photography commencing on or about November 25, 2007.

WHEREAS, Financier agrees to provide production financing for the Picture in the amount of U.S. $ 4,612,634.44 (Four Million, Six Hundred Twelve Thousand, Six Hundred Thirty Four Dollars and Forty-Four Cents) ("Financing").

In consideration of the mutual promises contained herein the sufficiency of which is hereby agreed and acknowledged, the parties agree as follows:

1. In the event Financier actually provides the Financing on or before September 21, 2007, Financier shall be entitled to the following from 100% of any and all revenues actually received by Company, its parents, subsidiaries or affiliates, or any entity on its behalf, from the exploitation of the Picture (including any exploitable rights therein or elements thereof), worldwide, in any and all markets and any and all media now known or hereafter devised, from all sources:

100 Universal City Drive Bungalow 7151 Universal City, CA 91608 Phone: 818-733-4240 Fax: 818-733-4221

a. Recoupment of the Financing.  Such recoupment shall be out of first revenues in, and in first position relative to any other financier, if any. Amount to be recouped is US $5,300,000, which reflects actual Financing, plus interest and financing fee. In addition, Financier shall be entitled to such recoupment after Company has paid the following sums, if applicable, and Producer shall be entitled to maintain a reasonable reserve to cover anticipated amounts due under sub-paragraphs (i) and (ii) below:

(i)  payments due to unions or guilds having jurisdiction over the Picture for residuals (including any music re-use or new use fees) in connection with the Picture, but only to the extent not paid by the distributor(s) of the Picture;

(ii) any actual, direct, out-of-pocket costs and expenses of auditing, administering and collecting moneys paid and/or owing to Company from distributors and/or other licensees of the Picture and of paying taxes and other administrative expenses of Company;

(iii)  the fee and expenses payable to any third party sales representative or sales agent and distribution attorney for the Picture; and,

(iv) third party accounts payable or executory obligations of Company which are directly in connection with the production, delivery, sales, marketing, promotion and publicity of the Picture (e.g., for creation of delivery items prior to complete delivery of the Picture to all distributors, and for storage of Picture elements); provided, however, if that if amounts payable under this paragraph 1(a)(iv) would cause the budget of the Picture to exceed $5.5 million, then Company shall obtain Financier's approval of such expenses, failing which such expenses may not be recouped against sums payable to Financier under this agreement.

b. Following recoupment of the amounts specified in paragraph 1a above and payment of any and all deferred compensation to persons rendering services or granting rights in connection with the Picture, Financier shall receive contingent compensation in an amount equal to 25% of any and all revenues generated from any further exploitation of the Picture in perpetuity throughout the universe in all media known or developed in the future.

c. Financier shall receive three credits as Executive Producers in the main titles of the final release print of the Picture. The size and placement of said credit is left solely to Company's discretion.

d. Financier shall have the first opportunity to participate as a financier on any sequels, remakes or other programs derived from the Picture.

2. Parties agree that for a transaction of this nature more formal documents may be required to effect the ultimate purpose of this Agreement and do hereby agree to incorporate the terms and conditions of this letter Agreement into said documents, if any.  Parties agree to negotiate in good faith terms and conditions not contained herein using the standards and customs of the theatrical motion picture industry for such negotiations.  Unless and until such further documents

are executed, if ever, this Agreement shall bind and inure to the benefit of the Parties, their successors and assigns.

3. Except as otherwise expressly provided herein, all creative, artistic and business decisions relating to the development, production, distribution and other exploitation of the Picture shall remain in Company's sole discretion.

4. This Agreement is governed by the laws of the State of California.

5. The Parties represent and warrant and agree that each has the right to enter into this Agreement and neither is subject to any obligation or disability which will or might prevent one of the Parties from keeping and performing the covenants and conditions herein.

6. This Agreement contains the full and complete understanding between the Parties and supercedes all prior agreements and understandings whether written or oral and cannot be modified except by a written instrument signed by both Parties. Each Party acknowledges that neither Party, nor their agents nor representatives made any representation or promise not expressly contained in this Agreement.

7. In the event of any dispute hereunder, Financier's remedy shall be limited to an action at law for money damages, and in no event shall Financier have the right to seek injunctive or other equitable relief.

If the foregoing comports with your understanding of our Agreement please countersign below.

Sincerely,
IMG Film, Inc.

_____

Bret Saxon, Chairman

AGREED AND ACCEPTED:

_____

EXHIBIT "B"

DANA M. COLE (SBN 89105)
E-Mail: coledana@pacbell.net
COLE & LOETERMAN
1925 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone: 310-556-8300
Facsimile: 310-772-0807

Attorneys for Defendant Insomnia Media
Group, Img Film, Incorporated, and Img
Film 14, Inc.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| AYMAN KANDEEL and KIRKWOOD DREW, Plaintiffs, vs. BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., ROB STEIN, and DOES 1-50, inclusive, Defendants. | Case No. **JOINDER IN NOTICE OF REMOVAL OF ACTION** Trial Date:   None Set |
|---|---|

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendants Insomnia Media Group, Img Film, Incorporated, and Img Film 14, Inc., hereby join in the Notice of Removal to this Court, filed by Defendant Robert Stein (erroneously sued as Rob Stein) of the state court action described in the said Notice of Removal.

Dated: March 30, 2011

COLE & LOETERMAN

By:_____
              Dana M. Cole
Attorneys for Defendants Insomnia Media
Group, Img Film, Incorporated, and Img
Film 14, Inc.

resch polster & berger llp

415663 1

RONALD RICHARDS (SBN 176246)
E-Mail: ron@ronaldrichards.com
LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
Telephone: 310-556-1001
Facsimile: 310-277-3325

Attorneys for Defendant Bret Saxon

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AYMAN KANDEEL and KIRKWOOD DREW,<br><br>Plaintiffs,<br><br>vs.<br><br>BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., ROB STEIN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**JOINDER IN NOTICE OF REMOVAL OF ACTION**<br><br>Trial Date:      None Set |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Bret Saxon hereby joins in the Notice of Removal to this Court, filed by Defendant Robert Stein (erroneously sued as Rob Stein) of the state court action described in the said Notice of Removal.

Dated: March 30, 2011

LAW OFFICES OF RONALD
RICHARDS & ASSOCIATES, A.P.C.

Ronald Richards, Esq. Digitally signed by Ronald Richards, Esq.
DN: cn=Ronald Richards, Esq., o=Law Offices of Ronald
Richards & Associates, A.P.C., ou,
email=ron@ronaldrichards.com, c=US
Date: 2011.03.30 15:37:25 -07'00'

By:_____
Ronald Richards
Attorneys for Defendant Bret Saxon

resch polster & berger llp

415663.1

4

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 9200 Sunset Boulevard, Ninth Floor, Los Angeles, California 90069-3604.

    On March 3', 2011, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(B) (FEDERAL QUESTION)** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Resch Polster & Berger LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

    Executed on March 3', 2011, at Los Angeles, California.

Janaki Neptune

1

**SERVICE LIST**

2

3   Michael M. Baranov                                    Attorneys for Plaintiffs
    Baranov & Wittenberg, LLP
4   1901 Avenue of the Stars, Suite 1750
    Los Angeles. California 90067-6005
5
    Ronald Richards                                       Attorneys for Defendant Bret
6   Law Offices of Ronald Richards & Associates,          Saxon
    A.P.C.
7   P.O. Box 11480
    Beverly Hills. CA  90213
8
    Dana M. Cole                                          Attorneys for Defendants
9   Cole & Loeterman                                      Insomnia Media Group, Img Film,
    1925 Century Park East, Suite 2000                    Incorporated, and Img Film 14,
10  Los Angeles, California 90067                          Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

resch polster & berger LLP

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 2747 RSWL (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[ ] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[ ] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

Ayman Kandeel and Kirkwood Drew

**DEFENDANTS**

Bret Saxon, an individual; Insomnia Media Group, a California corporation; IMG Film, Inc., a California corporation; IMG Film 14, Inc., a California corporation, Rob Stein, an individual & Does 1-50, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Michael M. Baranov
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, CA 90067-6005
(310) 229-3500

Attorneys (If Known)

Andrew V. Jablon
Resch Polster & Berger LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, CA 90069-3604
(310) 277-8300; (310) 552-3209
Attorneys for Rob Stein

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify):

☐ 6 Multi-District Litigation

☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No     ☒ **MONEY DEMANDED IN COMPLAINT: $** 5,250,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

18 USC Section 1961

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☒ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE/PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number:

CV11 02747

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

V-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No   ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☐ No ☒ Yes

If yes, list case number(s):   CV11-02335 DMG (CGx)

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
      ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Los Angeles |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
      ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Los Angeles |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LA | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   March 31, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44 ) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.  (a)  PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

    (b)  Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II.  JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.  RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71(JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  ORIGIN. Place an "X" in one of the seven boxes:

    (1)  Original Proceedings. Cases which originate in the United States District Courts.
    (2)  Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
    (3)  Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
    (4)  Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
    (5)  Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
    (6)  Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
    (7)  Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.  REQUESTED IN COMPLAINT.
    *Class Action.* Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
    *Demand.* In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
    *Jury Demand.* Check the appropriate box to indicate whether or not a jury is being demanded.

VI.  CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.
                  Example: U.S. Civil Statue: 47 USC 553
                  Brief Description: Unauthorized reception of cable service

VII.  NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action..

VIII (a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.
   (b) RELATED CASES. This section of the CV-71 (JS-44)) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

X.  VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Indicate the county in this district; state, if other than California; or foreign country where each plaintiff and defendant resides at the time of filing; and where each claim arose in sections (a), (b), and (c), respectively.

If the United States government, an agency or employee there of is a plaintiff and/or defendant, place an "X" in the appropriate box(es).

In land condemnation cases, use the location of the tract of land involved..

Attorney or party appearing pro per must sign and date this form.

American LegalNet, Inc.
www.FormsWorkFlow.com

resch polster & berger llp

1

## PROOF OF SERVICE

2  **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3          At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 9200 Sunset

4  Boulevard, Ninth Floor, Los Angeles, California  90069-3604.

5          On March 31, 2011, I served true copies of the following document(s) described as **CIVIL
COVER SHEET** on the interested parties in this action as follows:

6

7                          **SEE ATTACHED SERVICE LIST**

8          **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and

9  mailing, following our ordinary business practices.  I am readily familiar with Resch Polster &
Berger LLP's practice for collecting and processing correspondence for mailing.  On the same day

10  that the correspondence is placed for collection and mailing, it is deposited in the ordinary course
of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

11          I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

12

13          Executed on March 31, 2011, at Los Angeles, California.

14

15                                          Janaki Neptune

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

**SERVICE LIST**
**Kandeel and Kirkwood v. Bret Saxon, et al.**

3
4
5

Michael M. Baranov                              Attorneys for Plaintiffs
Baranov & Wittenberg, LLP
1901 Avenue of the Stars, Suite 1750
Los Angeles, California 90067-6005

6
7
8

Ronald                         Richards     Attorneys for Defendant Bret Saxon
Law Offices of Ronald Richards & Associates
 APC
P.O. Box 11480
Beverly Hills, California 90213

9
10

Dana M. Cole                                Attorneys for Defendants Insomnia Media
Cole & Loeterman                            Group, IMG Film, Incorporated and IMG Film
1925 Century Park East, Suite 2000          14, Inc.
Los Angeles, California 90067

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

resch polster & berger llp