ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
LINDSAY D. MOLNAR (SBN 275156)
E-Mail: lmolnar@rpblaw.com
RESCH POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California  90069-3604
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendant Robert Stein

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AYMAN KANDEEL and KIRKWOOD DREW,<br><br>Plaintiffs,<br><br>vs.<br><br>BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., ROB STEIN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No.CV 11-02747 RSWL (AJWx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT ROBERT STEIN TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 3, 2011<br>Time:   10:00 a.m.<br>Crtrm.: 21<br><br>Trial Date:      None Set |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 3, 2011, at 10:00 a.m., or as soon thereafter as counsel may be heard, in Courtroom 21 of the above-entitled Court, located at 312 N. Spring Street, Los Angeles, California, 90012, Defendant Robert Stein (sued as "Rob" Stein) ("Defendant"), will, and hereby does, move the Court for an order dismissing the Complaint of Plaintiffs (the "Complaint") in the above captioned matter.

resch polster & berger LLP

415866.1

1   This Motion is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil
2   Procedure on the basis that:

3          (1)   Plaintiffs fail to plead their purported claims with the requisite
4   facts and particularity such that the Complaint fails to state a claim upon which
5   relief may be granted; and

6          (2)   those facts that have been pled evidence that many of the claims
7   are barred by the applicable statute of limitations.

8   This Motion is based upon this Notice of Motion and Motion and supporting
9   documents, including without limitation the accompanying Memorandum of Points
10  and Authorities, the papers, pleadings and records on file in this action, and upon
11  such other oral and documentary evidence and argument as may be presented at or
12  before the time of hearing.

13  This motion is made following the conference of counsel pursuant to L.R. 7-3
14  which took place on March 28, 2011.

16  Dated: April 5, 2011                    RESCH POLSTER & BERGER LLP

19                                  By: _____/S/_____
20                                            ANDREW V. JABLON
                                       Attorneys for Defendant Robert Stein

resch polster & berger llp

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ........................................................................................... 10

II.   LEGAL ARGUMENT .................................................................................... 11

    A.    *Fed. R. Civ. Pro.* 12(b)(6) Requires Dismissal Of Their Complaint Which Is Not Well Pled And Partially Barred By The Statutes Of Limitation ........................................................................... 11

    B.    Plaintiffs Cannot Rely On Their Boilerplate Alter Ego And Agency Allegations To Properly Plead A Claim For Relief As To Stein .......................................................................................................... 12

    C.    Plaintiff's First Claim For Relief, Rescission Of The 20% Fiction Contract, Lacks Sufficient Facts To State A Claim ............................. 14

        1.    Plaintiff Has Failed To Allege The Existence And Relevant Terms Of The "20% Fiction" Contract ...................... 14

        2.    The Express Terms Of The Putative Contract Evidence That Stein Is Not A Party ................................................... 15

        3.    Plaintiff Fails To Articulate The Grounds For Rescission ......... 16

        4.    Plaintiff Has Waived The Right To Seek Rescission ................ 17

    D.    The Second Claim For Relief, Breach Of The Drew Loan Oral Contract, Is Barred By The Statute Of Limitations ............................. 17

    E.    The Third Claim For Relief, Breach Of The "Consulting Contract", Is Not Properly Pled And Time Barred .............................. 18

        1.    Plaintiff fails to properly allege his claim. .............................. 18

        2.    The Statute of Limitations Bars Plaintiff's claim ..................... 19

    F.    Plaintiffs' Fourth Claim For Relief, For Fraud, Is Not Pled With The Requisite Specificity And Contains No Charging Allegations As To Stein. ................................................................. 20

    G.    Plaintiffs' Fifth Claim For Relief, Based On An Asserted RICO Violation, Fails To Plead Sufficient Facts To Support the Claim. ....... 21

        1.    Pleading Requirements Of A RICO Claim .............................. 22

        2.    Plaintiffs fail to allege the element of "conduct" by Stein ......... 23

        3.    Plaintiffs fail to properly allege a RICO enterprise ................... 25

resch polster & berger llp

|  |  | (a) | The Pleading Requirements Of A RICO "Enterprise" | 25 |
|  |  | (b) | Plaintiffs Have Failed To Meet The Requirements Of Pleading A RICO Enterprise | 26 |
|  | 4. |  | Plaintiffs have failed to allege a pattern of racketeering activity. | 27 |
|  |  | (a) | Plaintiffs Fail To Properly Allege The Predicate Acts Of Mail And Wire Fraud | 27 |
|  |  | (b) | As A Separate And Independent Basis For Granting The Motion As To Stein, Two Predicate Acts Are Not Alleged | 29 |
| H. |  |  | Plaintiff's Sixth Claim for Relief, The Common Count of Money Had and Received, Is Improperly Pled, And In Any Event Barred By The Statute of Limitations | 30 |
| I. |  |  | Plaintiffs' Seventh Claim for Relief, for Conversion, Is Barred By The Statute of Limitations and Improperly Pled | 31 |
|  | 1. |  | Plaintiffs' Claim Is Time Barred | 31 |
|  | 2. |  | Plaintiffs Have Failed To Allege That Stein Converted Funds | 32 |
| J. |  |  | Plaintiff's Eighth Claim For Relief For Constructive Trust Is Not A Valid Claim For Relief And The Remedy Is Contractually Barred. | 33 |
| K. |  |  | Plaintiff's Ninth Claim for Relief for Unjust Enrichment Is Not A Valid Cause Of Action And, In Any Event, Lacks Charging Allegations As To Stein | 34 |
| L. |  |  | Plaintiff's Tenth Claim for Relief for an Accounting Is Not Properly Pled | 34 |
| M. |  |  | Leave to Amend Should Be Denied | 35 |
| III. |  |  | CONCLUSION | 35 |

resch polster & berger llp

# TABLE OF AUTHORITIES

Page(s)

CASES

*Alberding v. Brunzell,*
   601 F.2d 474 (9th Cir.1979) ................................................................ 18

*AmerUS Life Ins. Co. v. Bank of America, N.A.*
   143 Cal. App. 4th 631 (2006) ............................................................. 31

*Ashcroft v. Iqbal,*
   129 S. Ct. 1937 (U.S. 2009) ................................................. 10, 12, 14, 27

*Atlas Pile Driving Co. v. DiCon Fin. Co.,*
   886 F.2d 986 (8th Cir. 1989) .............................................................. 26

*Balistreri v. Pacifica Police Dept.,*
   901 F.2d 696 (9th Cir. 1990) .............................................................. 11

*Bell Atlantic v. Twombly,*
   550 U.S. 544 (2007) .............................................................. 11, 17, 26

*Blair v. All American Bottling Corp.,*
   1988 U.S. Dist. LEXIS 15943 (S.D. Cal. 1988) ............................... 17, 28

*Blake v. Dierdorff,*
   856 F.2d 1365 (9th Cir. Cal. 1988) ...................................................... 30

*Bryant v. Mattel,*
   2010 U.S. Dist. LEXIS 103851 (C.D. Cal. 2010) ................................. 28

*Cholla Ready Mix, Inc. v. Civish,*
   382 F.3d 969 (9th Cir. 2004) .............................................................. 12

*City of Fresno v. California Highway Commission,*
   118 Cal.App.3d 687 (1981) ................................................................ 35

*Cochran v. Cochran,*
   56 Cal.App.4th 1115, 66 Cal.Rptr.2d 337 (1997) ............................... 18, 20

*Compagnie de Reassurance D'Ile France v. New England Reinsurance Corp.,*
   825 F. Supp. 370 (D. Mass 1973) ....................................................... 25

resch polster & berger llp

resch polster & berger LLP

1
2
*Edwards v. Marin Park, Inc.,*
  356 F.3d 1058 (9th Cir. 2004) ................................................................ 22

3
4
*Efron v. Embassy Suites, Inc.,*
  223 F.3d 12 (1st Cir. 2000) .................................................................... 23

5
6
*Erie Railroad Co. v. Tompkins,*
  304 U.S. 64 (1938) ................................................................................ 18

7
8
*Farmers Ins. Exchange v. Zerin,*
  53 Cal. App. 4th 445 (1997) .................................................................. 32

9
*Ghirardo v. Antonioli*
  14 Cal. 4th 39 (1996) ............................................................................ 34

10
11
*Ghouth v. Commodity Services, Inc.,*
  642 F.Supp. 1325 (N.D. Ill. 1986) .................................................... 28, 29

12
13
*Gil v. Bank of America, Nat. Assn.,*
  138 Cal.App.4th 1371 (2006) ................................................................ 20

14
15
*Graf v. Peoples,*
  2008 U.S. Dist. LEXIS 78919 (C.D. Cal. Aug. 31, 2008) ................... 25

16
17
*Hailey v. California Physicians' Serv.,*
  158 Cal. App. 4th 452 (Cal. Ct. App. 2007) .......................................... 17

18
*Handeen v. Lemaire,*
  112 F.3d 1339 (8th Cir. Minn. 1997) ................................................... 23

19
20
*Heinsley v. Oakshade Town Center,*
  135 Cal.App.4th 289 (Cal. Ct. App. 2005) ........................................... 20

21
22
*Hokama v. E.F. Hutton & Co., Inc.,*
  566 F.Supp. 636 (C.D.Cal.1983) ........................................................... 14

23
24
*In re Maxim Integrated Products, Inc. Sec. Litig.,*
  639 F. Supp. 2d 1038 (N.D. Cal. 2009) ................................................ 12

25
26
*Just Film, Inc. v. Merch. Servs.,*
  2010 U.S. Dist. LEXIS 130230 (N.D. Cal. 2010) ................................. 25

27
28
*Klaxon Company v. Stentor Electric Manufacturing Co.,*
  313 U.S. 487 ......................................................................................... 18

*Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*,
  940 F.2d 397 (9th Cir. 1991) ................................................................. 22

*Lauriedale Associates, Ltd. v. Wilson*,
  7 Cal.App.4th 1439 (1992) ................................................................... 34

*Lazar v. Superior Court*
  12 Cal.4th 631 (1996) ........................................................................... 17

*Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*,
  431 F.3d 353 (9th Cir. 2005) ............................................................... 22

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ............................................................. 35

*Lucas v. Dep't of Corr.*,
  66 F.3d 245 (9th Cir. 1995) ................................................................. 35

*Melchior v. New Line Productions*,
  106 Cal.App.4th 779. (2003) ............................................................... 34

*Nally v. Grace Community Church*,
  47 Cal.3d 278 (1988) ...................................................................... 32, 33

*Neilson v. Union Bank of Cal., N.A.*,
  290 F. Supp. 2d 1101 (C.D. Cal. 2003) ............................................... 13

*Odom v. Microsoft Corp.*,
  486 F.3d 541 (9th Cir. 2007) ............................................................... 25

*Lewis on Behalf of National Semiconductor Corp. v. Sporck*,
  612 F. Supp. 1316 (N.D. Cal. 1985) ......................................... 23, 24, 27

*Oscar v. University Students Coop Ass'n*,
  965 F.2d 783 (9th Cir. 1992) ............................................................... 23

*PMC, Inc. v. Ferro Corp.*,
  131 F.R.D. 184 (C.D. Cal. 1990) ......................................................... 22

*Ponti v. Farrell*,
  194 Cal. App. 2d 676 (1961) ............................................................... 30

*Prince v. Lamb*,
  128 Cal. 120 (1900) ............................................................................. 35

*Reed v. King,*
   145 Cal.App.3d 261 (1983) ................................................................ 16

*Reichert v. General Ins. Co.,*
   68 Cal.2d 822 (1968) ......................................................................... 18

*Reves v. Ernst & Young,*
   507 U.S. 170 (1993) ..................................................................... 23, 24

*Rich v. Shrader,*
   2010 U.S. Dist. LEXIS 98267 (S.D. Cal. Sept. 17, 2010) ................. 29

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.,*
   806 F.2d 1393 (9th Cir. Cal. 1986) .................................................... 28

*Schultz v. Harney,*
   27 Cal. App. 4th 1611 (1994) ............................................................. 30

*Sedima, S.P.R.L. v. Imrex Co.,*
   473 U.S. 479 (1985) ........................................................................... 22

*Simonian v. Patterson,*
   27 Cal. App. 4th 773 (1994) ............................................................... 33

*Sollberger v. Wachovia Sec., LLC,*
   2010 U.S. Dist. LEXIS 66233 .......................................................... 11

*Sonora Diamond Corp. v. Superior Court*
   83 Cal.App.4th 523 (2000) .......................................................... 13, 14

*Southern Leasing Partners v. McMullan,*
   801 F.2d 783 (5th Cir. Miss. 1986) .............................................. 10, 25

*Strasberg v. Odyssey Group, Inc.*
   (1996) 51 Cal.App.4th 906 ................................................................ 31

*Swanston v. Clark,*
   153 Cal. 300, 95 P. 1117 (1908) ........................................................ 16

*United States v. Turkette,*
   452 U.S. 576 (1981) ..................................................................... 25, 26

*University of Md. v. Peat, Marwick, Main & Co.,*
   996 F.2d 1534 (3d Cir. Pa. 1993) ...................................................... 24

resch polster & berger ⅃⅃ₚ

*Walter v. Drayson,*
    538 F.3d 1244 (9th Cir. 2008) ........................................................ 25

*Warren v. Lawler*
    (1965) 343 F.2d 351 .................................................................... 31

**STATUTES AND RULES**

18 U.S.C. § 1961 .............................................................................. 25, 27

18 U.S.C. § 1962 .............................................................................. 23, 24

*Cal. Civ. Pro.* § 337 ............................................................................. 20

*Cal. Civ. Pro.* § 338 .......................................................................... 30, 31

*Cal. Civ. Pro.* § 339 .......................................................................... 18, 31

*Cal. Civ.* § 1689 ............................................................................... 16, 17

*Fed. R. Civ. P.* 8 ................................................................................. 11

*Fed. R. Civ. Pro.* 9 ......................................................................... passim

*Fed. R. Civ. Pro.* 11 ............................................................................ 14

*Fed. R. Civ. Pro.* 12 ......................................................................... 11, 12

**OTHER AUTHORITIES**

5 Witkin, *Cal. Proc.* (5th Ed. 2010) ...................................................... 33, 34

resch polster & berger LLP

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Noticeably absent from the Complaint is any explanation as to why defendant Robert Stein ("Stein") has been named – there are certainly no charging allegations against him.    Rather, Stein is, as Plaintiffs Ayman Kandeel ("Kandeel") and Kirkwood Drew ("Drew" and collectively with Kandeel, "Plaintiffs") allege, merely the "accountant, bookkeeper, and finance executive of one or more of [Bret] SAXON'S business entities." (Complaint, ¶ 7).  I.e., an employee.  In fact, other than this introductory paragraph, Stein is only mentioned once: in Plaintiffs' information and belief recitation of the elements of their purported RICO claim, where they allege without any supporting facts, that Stein and his employer Bret Saxon ("Saxon") operate or manage the alleged RICO enterprise and established unnamed subsidiaries.  (Complaint, ¶¶ 34 and 38.)

Plaintiffs' boilerplate alter ego and agency allegations do not save them.  Plaintiffs' do not even recite the elements of agency and alter ego, much less any factual allegations to support them.  However, Plaintiffs must plead and prove a specific basis for alter ego and agency liability and cannot rely upon a bare recitation of elements.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (U.S. 2009).

At best, it appears that Plaintiff sued Stein

> without knowing how he fit into the picture, apparently hoping that later discovery would uncover something.  If Rule 11 is to mean anything and we think it does, it must mean an end to such expeditionary pleadings. "This 'shotgun approach' to pleadings, . . . where the pleader heedlessly throws a little bit of everything into his complaint in the hopes that something will stick, is to be discouraged." [Citations]

*Southern Leasing Partners v. McMullan*, 801 F.2d 783 (5th Cir. Miss. 1986).

resch polster & berger LLP

Since Plaintiffs have failed to put forth any allegations against Stein, let alone with the specificity required by *Fed. R. Civ. P. 8* and *9*, or *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and its progeny, the Motion should be granted and the Complaint, as to Stein, dismissed with prejudice.

## II.   LEGAL ARGUMENT

### A.   *Fed. R. Civ. Pro.* 12(b)(6) Requires Dismissal Of Their Complaint Which Is Not Well Pled And Partially Barred By The Statutes Of Limitation

As discussed below, instead of pleading clear, factual allegations against *each* of the named Defendants, Plaintiffs rely on an improper shotgun style of pleading, "using the omnibus term 'Defendants' throughout . . . grouping defendants together without identifying what the particular defendants specifically did wrong. . . [and] recit[ing] a collection of general allegations toward the beginning of the Complaint, and then 'each count incorporates every antecedent allegation by reference. *Sollberger v. Wachovia Sec., LLC*, 2010 U.S. Dist. LEXIS 66233, *11-12 quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001).

Pursuant to *Fed. R. Civ. P.* 12(b)(6), this Court is required to dismiss the Complaint where there is either "[1] the lack of a cognizable legal theory or [2] the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], at 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S. Ct. 1955, 167

resch polster & berger LLP

> L. Ed. 2d 929. The plausibility standard is not akin to a
> "probability requirement," but it asks for more than a sheer
> possibility that a defendant has acted unlawfully. *Ibid.* Where
> a complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between
> possibility and plausibility of 'entitlement to relief.'" *Id.*, at
> 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (brackets omitted).

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-1950 (U.S. 2009).  Accordingly,

> [t]hreadbare recitals of the elements of a claim for relief,
> supported by mere conclusory statements, do not suffice. .
> . Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it
> does not unlock the doors of discovery for a plaintiff
> armed with nothing more than conclusions.

*Id.*, at 1950.  Moreover, the Court is *not* "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

Further, where a claim sounds in fraud, e.g, Plaintiffs Fourth and Fifth Claims for Relief, the heightened pleading requirements of *Fed. R. Civ. Pro.* 9 apply. Specifically, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.*

Finally, and critical for this case, "[a] complaint is [also] properly dismissed under Rule 12(b)(6) where it is apparent on the face of the pleading that plaintiff's claims are barred by the statute of limitations." *In re Maxim Integrated Products, Inc. Sec. Litig.*, 639 F. Supp. 2d 1038, 1051 (N.D. Cal. 2009).

**B.** **<u>Plaintiffs Cannot Rely On Their Boilerplate Alter Ego And Agency Allegations To Properly Plead A Claim For Relief As To Stein</u>**

Defendant Stein appears by name in the Complaint only in:

1    1.  paragraph 7, where he is identified as a defendant and the
2  "accountant, bookkeeper, and finance executive of one or more of SAXON's
3  entities";

4    2.  paragraph 34, where the conclusory statement is made that
5  "Plaintiff is informed and believes and thereon alleges that defendants SAXON and
6  STEIN operated or managed the enterprise through a pattern of racketeering
7  activity. . .."; and

8    3.  paragraph 38, where the conclusory statements are made that,
9  "Plaintiff is informed and believes that defendants SAXON and STEIN established
10  numerous subsidiaries or affiliates of IMG, in order to effect the enterprise. . .and
11  may have used IMG. . .to effect the enterprise."

12    Stein does not appear in any other allegations of the Complaint, nor is he
13  referenced anywhere in the attached exhibit to the Complaint.  There are no factual
14  recitations of any *conduct* by Stein.  At best, Plaintiffs can only point to the
15  conclusory statements in paragraphs 9 and 10 of the Complaint that, notwithstanding
16  being identified as an employee of "SAXON's entities" (Complaint, ¶ 7), Stein is an
17  alter ego of the corporate defendants and his boss Saxon, was acting as his agent.

18    Corporations, however, are presumed to have an existence separate from
19  either related entities or their shareholders.  *See Neilson v. Union Bank of Cal.*, *N.A.*,
20  290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).  In order to overcome that
21  presumption, Plaintiffs *must* allege specific facts to support that claim, including
22  both the elements of alter ego as well as specific facts supporting those elements.
23  *Id.* at 1116 ("[c]onclusory allegations of 'alter ego' status are insufficient to state a
24  claim. Rather, a plaintiff must allege with factual specificity both of the elements of
25  alter ego liability, as well as facts supporting each").

26    "In California, two conditions must be met before the alter ego doctrine will
27  be invoked."  *Sonora Diamond Corp. v. Sup. Crt.* 83 Cal.App.4th 523, 538 (2000).
28  "First, there must be such a unity of interest and ownership between the corporation

resch polster & berger LLP

1 and its equitable owner that the separate personalities of the corporation and the
2 shareholder do not in reality exist." *Id.* "Second, there must be an inequitable result
3 if the acts in question are treated as those of the corporation alone." *Id.*

4 Here, the Complaint pleads nothing more than a bald conclusion that Stein is
5 an alter ego of the corporate defendants, which the Court is not bound to accept.
6 *Ashcroft*, 129 S. Ct. at 1950. Plaintiffs did not even recite the elements of alter ego,
7 let alone plead the specific facts required to state a claim based on alter ego liability.

8 > [P]laintiffs cannot circumvent the requirements for
9 > secondary liability by blandly alleging that [defendants]
10 > are 'alter egos' of other defendants accused of committing
11 > primary violations. . . . If plaintiffs wish to pursue such a
12 > theory of liability, they must allege the elements of the
13 > doctrine. Conclusory allegations of alter ego status such as
14 > those made in the present complaint are not sufficient

15 *Hokama v. E.F. Hutton & Co., Inc.*, 566 F.Supp. 636, 647 (C.D.Cal.1983).
16 Paragraph 10, therefore, is properly disregarded in its entirety.

17 Similarly, Paragraph 9 attempts to ascribe liability to Stein by asserting that
18 Stein is simultaneously the agent and the principal of every other defendant, whether
19 an individual or corporate entity. It is obvious that Plaintiff could not reasonably
20 have expected anybody to believe this allegation in its totality, and therefore it is
21 both false and not drawn in accordance with *Fed. R. Civ. P.* 11. Its boilerplate
22 assertion of an agent/principal relationship may, and should, be disregarded in its
23 entirety. *See Ashcroft v. Iqbal*, 129 S. Ct. at 1950.

24 **C.**   **Plaintiff's First Claim For Relief, Rescission Of The 20% Fiction**
25   **Contract, Lacks Sufficient Facts To State A Claim**

26   **1.**   **Plaintiff Has Failed To Allege The Existence And Relevant**
27     **Terms Of The "20% Fiction" Contract**

28 In order to be entitled to the rescission, it is axiomatic that Plaintiffs must first

plead the formation and relevant terms of the contract they seek to rescind.  *See generally*, 43-490 *California Forms of Pleading and Practice* – Annotated § 490.61. Here, Kandeel alleges that, in September of 2007, he wired $1,000,000 to "defendants" pursuant to the "Robert Deniro Presents: 20% Fiction" Investment Contract (the "20% Fiction Contract"), that was attached to the Complaint as Exhibit "A".  A review of Exhibit "A" to the Contract, however, reveals that:

> 1.   The purported contract was not signed by Kandeel or the party purportedly to be bound (IMG Film, Inc.);

> 2.   Kandeel is not identified in the contract as a party to, or third party beneficiary of the contract;

> 3.   The contract was between IMG Film, Inc. (i.e., *not* Stein), on the one hand, and "Financier", an undefined party, on the other;

> 4.   "Financier's" right under the putative contract to recoup any or all of his/her/its' investment was expressly contingent on *Financier's* payment of the entire $4,612,634.44 financing commitment by September 21, 2007; and

> 5.   There is nothing in the contract about a $1,000,000 payment by Plaintiff (or "Financier"), or that the contract, which includes an integration clause (Complaint, Exh. A, ¶ 6), was, as alleged by Plaintiff, contingent on a $3,600,000 payment by "other investors, who decided not to move forward." (Complaint ¶ 5).

Simply put, although Plaintiff makes the general allegation that he entered into and performed his duties and obligations under the Contract attached as Exhibit "A" to the Complaint, the allegations of the Complaint and the Contract which Kandeel seeks to rescind do not correlate and it appears that Plaintiff is seeking rescission of a contract that simply does not exist.

### 2.   The Express Terms Of The Putative Contract Evidence That Stein Is Not A Party

Further justifying the granting of this Motion, the Contract upon which Kandeel basis his claim was, on its face, between "Financier" and IMG Films, Inc.

There is nothing in the contract indicating that Stein is a party. Accordingly, and as the boilerplate conclusory statement of alter ego liability with respect to IMG Films, Inc. is insufficient to support the claim, the Motion should be granted as to Stein.

### 3. Plaintiff Fails To Articulate The Grounds For Rescission

*Cal. Civ.* § 1689 sets forth the universe of situations in which a party to a contract may rescind the contract (e.g., consent was "given by mistake, or obtained through duress, menace, fraud, or undue influence"; failure of consideration).

> [A] party to a contract cannot rescind at his pleasure, but only for some one or more of the causes enumerated in section 1689 of the Civil Code. One seeking to rescind a contract, or to enforce a rescission. . .must allege facts showing that he had good right to rescind, and for what cause a rescission had taken place, or that a rescission had been made by consent.

*Swanston v. Clark*, 153 Cal. 300, 303, 95 P. 1117 (1908)

The requirement of limiting the right to rescind based on the statutorily articulated situations is based on the recognition that the

> power to cancel a contract is a most extraordinary power. It is one which should be exercised with great caution,-nay, I may say, with great reluctance,-unless in a clear case. A too free use of this power would render all business uncertain, and, as has been said, make the length of a chancellor's foot the measure of individual rights. The greatest liberty of making contracts is essential to the business interests of the country. In general, the parties must look out for themselves.

*Reed v. King*, 145 Cal.App.3d 261, 266, fn. 6 (1983).

Here, Plaintiff has failed to articulate the basis for his claim for rescission. If

resch polster & berger llp

Kandeel is claiming failure of consideration by virtue of the failure of a condition precedent to the Contract – i.e., that the contract was contingent on a $3,600,000 payment by "other investors" – that condition precedent does not appear on the face of the putative Contract (which does, however, include an integration clause). Alternatively, if Plaintiff is claiming fraud, then he was required to allege, with the specificity required of *Twombly* and *Fed. R. Civ. Pro.* 9, (1) a misrepresentation by false representation, concealment, or nondisclosure; (2) knowledge of the falsity; (3) an intent to defraud, i.e., to induce reliance; (4) justifiable reliance on the misrepresentation; and (5) resulting damage. *Lazar v. Superior Court* 12 Cal.4th 631, 638 (1996). Either way, Plaintiff has failed to meet his requirement of pleading an entitlement to rescission under *Cal. Civ. § 1689.*

### 4.    Plaintiff Has Waived The Right To Seek Rescission

Plaintiff purports to sue for rescission of the 20% Fiction Contract. Paragraph 7 of that contract, however, expressly provides that: "In the event of any dispute hereunder, Financier's remedy shall be limited to an action at law for money damages, *and in no event shall Financier have the right to seek injunctive or other equitable relief.*" (Complaint, Exh. "A", ¶ 7; emphasis added.) "Rescission, however, is an equitable remedy, with certain qualifications that limit its application." *Hailey v. California Physicians' Serv.*, 158 Cal. App. 4th 452, 468 (Cal. Ct. App. 2007). Accordingly, the claim is contractually barred.

### D.    The Second Claim For Relief, Breach Of The Drew Loan Oral Contract, Is Barred By The Statute Of Limitations

The Second Claim for relief alleges that *all* of the Defendants breached the terms and condition of the "Drew Loan". Specifically, the Complaint alleges that in February of 2007, Drew "lent defendants $250,000", pursuant to an oral contract ("no written contract was ever provided by defendants to plaintiff DREW") whereby he was to be repaid the $250,000, plus an unspecified interest amount, in three months (i.e., by the end of May, 2007). Drew further alleges that despite repeated

requests, only $30,000 of the lent money was returned.  Complaint, ¶¶ 13-14.

"When not considering a federal question, federal courts must apply the substantive law of the forum state." *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938). Statutes of limitation are considered substantive rather than procedural; therefore a federal court sitting on a diversity case, or, as the case here, a case raising both a federal question (i.e., Plaintiff's Fifth Claim for Relief, for RICO violations) and state law claims, must use the limitations law of the forum state for the state law claims. *Alberding v. Brunzell*, 601 F.2d 474, 476 (9th Cir.1979); *Klaxon Company v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496-97 (1941). Consequently, this Court must interpret and apply the California statute of limitations to Plaintiff's California state law claims (e.g., breach of contract).

Cal. Civ. Pro. § 339 provides that a cause of action based on an alleged breach of an oral contract *must* be brought within 2 years of the alleged breach. *Cochran v. Cochran*, 56 Cal.App.4th 1115, 1124, 66 Cal.Rptr.2d 337 (1997) ("A cause of action for a breach of an oral contract accrues at the time of the breach, i.e., when the party charged with the duty to perform under the contract fails to perform.") Here, Plaintiff specifically alleges that the oral contract was breached on May, 2007 by "defendants" failure to repay the sums purportedly lent. Accordingly, the statute of limitations ran as of May 2009 – i.e., nearly two years prior to the filing of this action. Plaintiffs' claim is, therefore, barred as a matter of law, and the Motion should be granted *without* leave to amend.

E.  **The Third Claim For Relief, Breach Of The "Consulting Contract", Is Not Properly Pled And Time Barred**

1.  **Plaintiff fails to properly allege his claim.**

To state a cause of action for breach of contract *by Stein*, Plaintiff was required to allege: (1) a contract *with Stein*; (2) their performance or excuse for nonperformance; (3) Stein's breach; and (4) resulting damages to Plaintiffs. *See Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968). In his attempt to plead a

claim for breach of contract as his Third Claim for Relief, Kandeel alleges that:

> Between October 19, 2006 and October 1, 2007, defendants were also paid a total of $300,000 to consult on a Middle Eastern themed motion picture project for plaintiff KANDEEL.  Nothing but talk and expensive trips came of this process.  Portions of a screenplay eventually provided by defendants were not accompanied by any documents supporting their rights to it, rendering it worthless and unusable.

(Complaint, ¶ 15.)  This is the entirety of the description of the purported "Middle Easter Themed Motion Picture Consulting Contract" (the "Consulting Contract").  This does not satisfy Plaintiff's burden to properly allege the existence of a contract and the breach thereof.

Specifically, absent from the Complaint are specific factual allegations establishing:

1.      who, specifically, were the parties to the alleged contract;

2.      was the contract oral or written; and

3.      what, other than the nebulous requirement to "consult", was required of *each* of the defendants under the alleged Consulting Contract.

This last missing factual allegation – what was required of the defendants under the Consulting Contract – is of particular importance because, although Plaintiff claims that "nothing but talk and expensive trips came of this process", the Complaint fails to articulate how *each* defendant purportedly breached the contract.

### 2.      The Statute of Limitations Bars Plaintiff's claim

Notwithstanding the dearth of facts necessary to properly plead a claim for breach of contract, those facts that Plaintiff did put forth evidence that the claim is time barred.

Plaintiff alleges that the contract was to be performed "between October 19,

resch polster & berger ᴸᴸᴾ

2006 and October 1, 2007". (Complaint, ¶¶15 and 25.)   Although the Complaint is silent as to whether the contract was written or oral, it may reasonably be inferred that the alleged contract was oral as Plaintiffs specifically alleged where they believed a written contract was at issue (Complaint, ¶ 17), and Kandeel did not attach a copy of the Consulting Contract to the Complaint.

As noted above, *Cal. Civ. Pro.* § 337 provides that a cause of action based on an alleged breach of an oral contract *must* be brought within 2 years of the alleged breach.   *Cochran*, 56 Cal.App.4th at 1124.   Here, Plaintiffs allege that (1) the contract was to be performed by the "defendants" between October 19, 2006 and October 1, 2007; and (2) that the defendants failed to perform their "consulting" obligations.   Accordingly, the statute of limitations expired as of October 2009 – i.e., nearly two years prior to the filing of this action – and Plaintiff's claim is barred as a matter of law.

F. **Plaintiffs' Fourth Claim For Relief, For Fraud, Is Not Pled With The Requisite Specificity And Contains No Charging Allegations As To Stein.**

Plaintiffs' Fourth Claim for Relief, for fraud in the inducement, fails to include *any* charging allegations as to Stein.

Fraud in the inducement is a subset of the tort of fraud.   *Heinsley v. Oakshade Town Center*, 135 Cal.App.4th 289, 294 (Cal. Ct. App. 2005).   It "occurs when 'the promisor knows what he is signing but his consent is induced by fraud, mutual assent is present and a contract is formed, which, by reason of the fraud, is voidable.'" *Id.* at 294-95 (quoting *Rosenthal v. Great Western Fin. Securities Corp.*, 14 Cal.4th 394, 415 (1996)).   Thus, Plaintiff must specifically allege the elements of fraud – i.e., "a [1] misrepresentation, [2] knowledge of its falsity, [3] intent to defraud, [4] justifiable reliance and [5] resulting damage." *Gil v. Bank of America, Nat. Assn.*, 138 Cal.App.4th 1371, 1381 (2006) (citing *Universal By-Products, Inc. v. City of Modesto*, 43 Cal.App.3d 145, 151 (1974)).   Moreover, as noted above,

resch polster & berger llp

*Fed. R. Civ. P.* 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

Here, Plaintiffs have alleged that *Saxon* made representations regarding defendants' experience as movie producers, pre-sales of foreign distribution rights, and the security of their alleged investment. (Complaint, ¶ 28.) Nowhere in the Complaint are there any allegations that *Stein* made any representations to Plaintiffs, false or otherwise. As a result, Plaintiffs have not, and cannot satisfy their burden to allege with specificity the first three elements of a fraud claim as to Stein – i.e., a misrepresentation, knowledge of its falsity, and intent to defraud.

Plaintiffs also cannot rely on the alleged misdeeds of Saxon to assert liability against Stein. As noted above, Stein is identified in the Complaint only as the "accountant, bookkeeper, and finance executive of one or more of Saxon's business entities." (Complaint, ¶ 7.) There simply are no allegations of Stein's participation in the purported fraud, or any facts that would allow Plaintiff to assess agency or alter ego liability by Stein. As such, there is nothing in the Complaint that would allow for the purported liability of an employer (i.e., "one or more of Saxon's business entities") to spill over to the employee.

## G.   Plaintiffs' Fifth Claim For Relief, Based On An Asserted RICO Violation, Fails To Plead Sufficient Facts To Support the Claim.

In 1990, Judge Bonner of the Central District of California noted:

> Like other courts, and perhaps Congress, this Court is legitimately concerned about the misuse of civil RICO and the increasingly familiar phenomenon of expanding a straight-forward breach of contract into a claim of promissory fraud. A plaintiff then asserts two or more mailings in furtherance of promissory fraud and, presto, claims a civil RICO violation. Distressingly, this type of pleading inflation has become all too common,

particularly in the litigious climate of California. Since civil practitioners discovered the RICO statute some ten years ago, it seems that the lure of transforming a simple, single damage contract claim into a treble damage RICO claim has proved irresistible. To sketch what is becoming more frequent is to begin to understand the dangers of abusing the RICO weapon. Even if one ignores the *in terrorem* effect of spurious treble damage suits, the danger of protracted and extraordinarily expensive discovery engendered by civil RICO claims is all too real.

*PMC, Inc. v. Ferro Corp.*, 131 F.R.D. 184, 187 (C.D. Cal. 1990).  Twenty-one years later, the RICO statute is still being abused, as evidenced by the Complaint which attempts to raise the specter of RICO without *any* supporting factual allegations.

### 1.     Pleading Requirements Of A RICO Claim

The elements of a RICO claim are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours and Co.*, 431 F.3d 353, 361 (9th Cir. 2005). The plaintiff must specifically allege each of these elements to state a claim. *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).  Further, where RICO claims are predicated upon fraud, such as here, where Plaintiffs make conclusory allegations of mail and wire fraud, the Complaint must conform to the pleading requirements of *Fed. R. Civ. Pro.* 9(b). *I.e.,* they must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); and *Lancaster Community Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) (Plaintiffs must "detail with particularity the time, place, and manner of each act of fraud, *plus the role of each defendant in each scheme*." (emphasis added)).

Critically, the heightened pleadings requirements of Rule 9 are strictly applied to RICO claims because Congress enacted RICO "to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." *Oscar v. University Students Coop Ass'n*, 965 F.2d 783, 786 (9th Cir. 1992).  In fact, Courts are to scrutinize RICO cases based on mail and wire fraud – such as purportedly alleged here – particularly closely "because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon further scrutiny, do not support it." *Efron v. Embassy Suites, Inc.*, 223 F.3d 12, 20 (1st Cir. 2000).

### 2. Plaintiffs fail to allege the element of "conduct" by Stein

Initially, Plaintiffs have failed to allege any conduct by Stein contributing to the alleged RICO conspiracy.  In *Reves v. Ernst & Young*, 507 U.S. 170, 184 (1993), the Supreme Court held that liability under § 1962(c), for violations of the RICO statute, was limited  to "those who participate in the operation or management of an enterprise through a pattern of racketeering activity."  "In order to 'participate, directly or indirectly, in the conduct of such enterprise's affairs, one must have some part in directing those affairs."  While that does not mean that liability is limited to upper management, and "the word 'participate' makes clear that RICO liability is not limited to those with primary responsibility for the enterprise's affairs. . . *some part in directing the enterprise's affairs is required*."  *Id.* at 179.  Put differently, "Congress did not mean for § 1962(c) to penalize all who are employed by or associated with a RICO enterprise, but only those who, by virtue of their association or employment, play a part in directing the enterprise's affairs." *Handeen v. Lemaire*, 112 F.3d 1339, 1348-1349 (8th Cir. Minn. 1997).

Bare allegations – all that is present here – that each of the defendants "caused" or "permitted" certain events to occur are insufficient for Rule 9(b) purposes under any of the RICO provisions. *See, Lewis on behalf of National Semiconductor Corp. v. Sporck*, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985).  For instance, in *Sporck*, the court held that if the plaintiff purports to sue directors,

resch polster & berger LLP

accounting officers, and mid-level employees of one of the defendant corporations under Section 1962(a)-(c), he must delineate with precision the involvement of the different groups of defendants. *Id*. at 1325.

Here, the Complaint fails to provide any factual allegations as to Stein's purported role within the alleged conspiracy, and/or his control of decisions therein. Moreover, the fact that Stein acted as an accountant for a purported RICO enterprise will not, absent more, rise to the level of participation sufficient to satisfy the Supreme Court's pronouncement of the "operation or management" test articulated in *Reves v. Ernst & Young*, 507 U.S. 170 (1993) ("one is not liable . . . unless one has participated in the operation or management of the enterprise itself).

As such, a growing number of courts have held that an attorney or other professional, e.g., accountant, does not conduct an enterprise's affairs through run-of-the-mill provision of professional services.

> Simply because one provides goods or services that ultimately benefit the enterprise does not mean that one becomes liable under RICO as a result. There must be a nexus between the person and the conduct in the affairs of an enterprise. The operation or management test goes to that nexus. In other words, the person must knowingly engage in "*directing* the enterprise's affairs" through a pattern of racketeering activity. *Reves*, 113 S. Ct. at 1170.

*University of Md. v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539 (3d Cir. Pa. 1993). Whether acting as an outside contracted professional or an employee-accountant, an accountant cannot be held liable for RICO violations for performing his or her general financial activities absent evidence of knowingly directing the enterprise's affairs. There are no such allegations, against Stein here, even though Plaintiffs identify Stein only as the "accountant, bookkeeper, and finance executive of one or more of [Bret] Saxon's business entities" (Complaint, ¶ 7). "[S]imply

performing services for the enterprise does not rise to the level of direction." *Walter v. Drayson*, 538 F.3d 1244, 1249 (9th Cir. 2008) (holding that knowingly implementing decisions of upper management was insufficient to establish RICO liability); *see also, Just Film, Inc. v. Merch. Servs.*, 2010 U.S. Dist. LEXIS 130230, *31 (N.D. Cal. 2010); and *Graf v. Peoples*, 2008 U.S. Dist. LEXIS 78919, 21-22 (C.D. Cal. Aug. 31, 2008) ("One who has no managerial role is not liable.").

Having failed to allege any *conduct* by Stein in connection with the alleged RICO conspiracy, the claim for relief necessary fails and the Motion should be granted.   Moreover, as fishing expeditions in the hope that discovery would later develop an actionable claim are not permitted (*Southern Leasing Partners v. McMullan*, 801 F.2d 783 (5th Cir. Miss. 1986)), amendment should not be allowed.

### 3.   Plaintiffs fail to properly allege a RICO enterprise

#### (a)   The Pleading Requirements Of A RICO "Enterprise"

To state a RICO claim Plaintiffs must allege "both the existence of an 'enterprise' and a connected 'pattern of racketeering activity'."   *Compagnie de Reassurance D'Ile France v. New England Reinsurance Corp.*, 825 F. Supp. 370 (D. Mass 1973).

A RICO "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, or any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Thus, an enterprise may be a legal entity, such as a corporation, or may be "a group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583 (1981).   Although an "associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise", *Odom v. Microsoft Corp.*, 486 F.3d 541, 548-53 (9th Cir. 2007), there must be (1) a common purpose,  (2) an ongoing organization, and (3) "evidence that the various associates function as a continuing unit." *Id.* at 552-53 (citing and quoting *Turkette*, 452 U.S. at 583).  This enterprise must be distinct from the people

resch polster & berger LLP

named as the RICO defendants as well as distinct from the alleged pattern of racketeering activity. *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 995 (8th Cir. 1989); *United States v. Turkette*, 452 U.S. 576, 583 (1981) (enterprise not established merely by proof of a series of racketeering acts, but must exhibit three characteristics: (1) common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in a pattern of racketeering). Finally, to plead the existence of an ongoing enterprise, Plaintiffs were required to allege that the enterprise is "a vehicle for the commission of two or more predicate crimes." *Id.* (quoting *United States v. Cagnina*, 697 F.2d 915, 921 (11th Cir. 1983)).

### (b)    **Plaintiffs Have Failed To Meet The Requirements Of Pleading A RICO Enterprise**

Plaintiffs' attempt to plead a RICO enterprise is limited to Paragraph 38 of the Complaint, wherein they assert in conclusory fashion only that

> During all relevant times, defendants, and other entities unknown to plaintiff were and are part of an "enterprise" as the term is defined in 18 U.S.C. Section 1961(4), having a common or share purpose, functioning as a continuing unit, engaged in interstate commerce and the activities which affect interstate commerce, and which has an ascertainable structure distinct from that which is inherent in the conduct of the pattern of racketeering.

(Complaint, ¶ 38.) These conclusory allegations, however, do not meet the specificity requirements of *Twombly* and its progeny.

As noted above,

> [t]hreadbare recitals of the elements of a claim for relief, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the

hyper-technical, code-pleading regime of a prior era, but it
does not unlock the doors of discovery for a plaintiff
armed with nothing more than conclusions.

*Ashcroft,* 129 S. Ct. at 1950.   What specifically is the common purpose of the purported enterprise?  How do the various associates function as a continuing unit? What specifically is the continuity of structure and personnel?   Plaintiffs cannot simply state that there is a RICO Enterprise and not provide any supporting facts.

### 4.   Plaintiffs failed to allege a pattern of racketeering activity.

Additionally, Plaintiffs do not plead facts establishing a "pattern of racketeering activity." A "'pattern of racketeering activity' requires at least two acts of *racketeering activity* . .. the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." 18 U.S.C. § 1961(5) (emphasis added). Significantly, alleged "[b]ad acts, alone, do not qualify as predicate acts for RICO purposes; only those activities set forth in 18 U.S.C. § 1961(1) may serve as the basis of a RICO claim."  *Lewis on behalf of National Semiconductor Corp. v. Sporck*, 612 F. Supp. 1316, 1325 (N.D. Cal. 1985).

Here, Paragraph 34 of the Complaint attempts to assert mail and wire fraud as the requisite predicate acts by alleging, *on information and belief*, that "defendants, and each of them, committed fraud via Internet communications, facsimile transmissions, telephone conversations, mail fraud, and wire transfers occurring in Interstate commerce. . ."   Allegations on information and belief, without any specific facts, do not comport with the heightened pleading requirements of *Fed. R. Civ. P.* 9 required for pleading mail and wire fraud.

### (a)   Plaintiffs Fail To Properly Allege The Predicate Acts Of Mail And Wire Fraud

For Plaintiffs to have properly alleged mail fraud, they were required to plead that: "(1) defendant devised a scheme or artifice to defraud; (2) defendant used the mails in furtherance of the scheme; and (3) defendant did so with the specific intent

to deceive or defraud." *Blair v. All American Bottling Corp.*, 1988 U.S. Dist. LEXIS 15943, *11-12 (S.D. Cal. 1988) (emphasis added).  For example, in *Sun Savings and Loan Association v. Dierdorff*, the Court held mailings to be in furtherance of a scheme if the completion of the scheme or the prevention of its detection is in some way dependent upon the mailings. *Sun Savings*, 825 F.2d 187, 196 (9th Cir. 1987) (citing *United States v. Sampson*, 371 U.S. 75, 80 (1962) and *United States v. Mitchell*, 744 F.2d 701, 703 (9th Cir. 1984)).  Similarly, "a wire fraud violations consists of (1) the formation of a scheme or artifice to defraud; (2) use of the United States wires or causing a use of the United States wires in furtherance of the scheme; and (3) specific intent to deceive or defraud." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1400 (9th Cir. Cal. 1986).

With respect to both mail and wire fraud, which "share elements and are therefore evaluated under the same framework" (*Bryant v. Mattel*, 2010 U.S. Dist. LEXIS 103851, *20-21 (C.D. Cal. 2010)), *Fed. R. Civ. Pro.* 9(b) requires that the Complaint allege, with specificity, "who (i.e., which defendant) caused what to be mailed when, and how that mail furthered the fraudulent scheme."   *Ghouth v. Commodity Services, Inc.*, 642 F.Supp. 1325, 1331-32 (N.D. Ill. 1986).  As recently noted by the Southern District of California,

> when a plaintiff relies on charges of wire and mail fraud as the predicate acts of a RICO claim, the factual circumstances of the fraud itself must be pled with particularity as required by Rule 9(b). *Odom*, 486 F.3d at 554; *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). "Rule 9(b) does not allow a complaint merely to lump multiple defendants together but requires plaintiffs to differentiate their allegations . . . and inform each defendant separately of the allegations surrounding his alleged participation in the

fraud." *Swartz*, 476 F.3d at 764-65 (quotations and alterations omitted); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (plaintiff must identify role of each defendant in the alleged RICO scheme).

*Rich v. Shrader*, 2010 U.S. Dist. LEXIS 98267 (S.D. Cal. Sept. 17, 2010)

Here, the Complaint necessarily fails for two reasons: (1) Plaintiffs failed to allege with the requisite specificity the various Defendants' roles in the purported mail and wire fraud; and (2) Plaintiffs have failed to specifically allege the required elements of the predicate acts of mail and wire fraud.  There are no facts in the Complaint establishing the formation of the scheme, let alone "who (i.e., which defendant) caused what to be mailed [or transmitted over the wires] when, and how that mail [or wire transmission] furthered the fraudulent scheme."  *Ghouth v. Commodity Services, Inc.*, 642 F.Supp. 1325, 1331-32 (N.D. Ill. 1986).  There are only the conclusory recitations of the elements of the claim in Paragraphs 34 and 38.

   **(b)**     <u>**As A Separate And Independent Basis For Granting The Motion As To Stein, Two Predicate Acts Are Not Alleged**</u>

RICO requires that each of the defendants

directly or indirectly conduct or participate in the enterprise's affairs through a pattern of racketeering activity. *Id.* Thus, rather than requiring that the enterprise itself conduct the racketeering activity, RICO simply requires a "nexus" between the enterprise and the racketeering activity. *Id.* As the Supreme  Court stated in *Sedima*, the essence of a violation of section 1962(c) "is the commission of those acts [of racketeering] in connection with the conduct of an enterprise." *Sedima*,

resch polster & berger llp

105 S. Ct. at 3286 (emphasis added).

*Blake v. Dierdorff*, 856 F.2d 1365, 1370-1371 (9th Cir. Cal. 1988) (holding that two or more predicate acts are required to satisfy RICO's pattern requirement and that an allegation of only one possible predicate act by defendant fails to state a RICO claim against that particular defendant).

Here, Plaintiffs failed to allege, generally or with any specificity, activities undertaken by Stein.   To state a claim against Stein, however, Plaintiffs were *required* to allege *two or more* predicate acts by Stein. *Sun Savings*, 825 F.2d at 193. The complaint alleges none, and thus fails to state a RICO claim against Stein.

H.   **Plaintiff's Sixth Claim for Relief, The Common Count of Money Had and Received, Is Improperly Pled, And In Any Event Barred By The Statute of Limitations**

"A claim for relief is stated for money had and received if the defendant is indebted to the plaintiff in a certain sum for money had and received by the defendant for the use of the plaintiff." *Schultz v. Harney*, 27 Cal. App. 4th 1611, 1623 (1994).   Put differently, a claim for money had and received is an action seeking to recover money paid to a defendant for the safe keeping of plaintiff.

Here, Plaintiffs allege that Kandeel provided $1,000,000 under the 20% Fiction Contract and $300,000 under the Consulting Contract; and that Drew provided $220,000 under the Drew Loan contract.   Lacking, however, is any of the remaining elements of the claim – i.e., that the money in question was received by the "defendants" for the use *by Plaintiff*.

Regardless, any claim for money had and received in connection with these transactions is barred by the statute of limitations.   The statute of limitations for money had and received based on fraud is three years. *See, Cal. Civ. Pro.* § 338 (d); *Ponti v. Farrell*, 194 Cal. App. 2d 676, 683 (1961) (held that the three-year limitations period of Code of Civil Procedure section 338 subdivision (d) applied to claims to recover money obtained by fraud, notwithstanding that the claims were

resch polster & berger llp

resch polster & berger llp

pled as a common count for money had and received.)  If the cause of action for money had and received is not based on fraud, it is barred under section 339(1) if it is not filed within two years after such money was allegedly received by the defendants. *See, Warren v. Lawler* 343 F.2d 351, 360 (1965).

Three sets of alleged payments are in dispute: (1) $1,000,000 from Kandeel in September of 2007 (Complaint, ¶ 12); (2) $250,000 from Drew between February and May, 2007 (Complaint, ¶ 13); and (3) $300,000 between October 19, 2006 and October 1, 2007 (presumably from Plaintiffs, but as noted in Section II.E.1, it is unclear from whom) (Complaint, ¶ 15).  Giving Plaintiffs the benefit of the doubt and evaluating their cause of action for money had and received under *Cal. Civ. Pro.* 338(d), three years passed on each of the above claims on September, May, and October, 2010, respectively.  Accordingly, even if Plaintiffs could plead facts to support their claim, the claim is, on its face, barred by the statute of limitations.

### I.   Plaintiffs' Seventh Claim for Relief, for Conversion, Is Barred By The Statute of Limitations and Improperly Pled

#### 1.   Plaintiffs' Claim Is Time Barred

Before even addressing the factual deficiencies in Plaintiffs' claim for conversion, the Motion should be granted without leave to amend as the claim is, on its face, time barred.  Under *Cal. Civ. Pro.* § 338 (c), which applies to the conversion of personal property, there is a three-year limitations period for "action[s] for taking, detaining, or injuring any goods or chattels." *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006).  "[T]he statute of limitations for conversion is triggered by the act of wrongfully taking property." *Id.*, citing *Bono v. Clark*, 103 Cal.App.4th 1409 (2002), 1433; *see also Strasberg v. Odyssey Group, Inc.* 51 Cal.App.4th 906, 915–916 (1996) ("it is the act of wrongfully taking the property which triggers the statute of limitations").

Here, Plaintiffs allege that the Defendants converted: (1) $1,000,000 from Kandeel in September of 2007 (Complaint, ¶ 12); (2) $250,000 from plaintiff Drew

between February and May, 2007 (Complaint, ¶ 13); and (3) $300,000 between October 19, 2006 and October 1, 2007 (Complaint, ¶ 15).  Accordingly, the statute of limitations as to each of these purported claims ran as of September, May, and October, 2010, respectively.

### 2.   Plaintiffs Have Failed To Allege That Stein Converted Funds

"Conversion is the wrongful exercise of dominion over the property of another." *Farmers Ins. Exchange v. Zerin*, 53 Cal. App. 4th 445, 451 (1997).  The elements of conversion are: (i) the plaintiff's ownership or right to possession of the property at the time of the conversion; (ii) the defendant's conversion by a wrongful act or disposition of property rights; and (iii) damages.  *Zerin*, 53 Cal. App. 4th at 451.  "A tort, whether intentional or negligent, involves a violation of a legal duty imposed by statute, contract or otherwise, owed by the defendant to the person injured. Without such a duty, any injury is '*damnum absque injuria*' – injury without wrong.'" *Nally v. Grace Community Church*, 47 Cal.3d 278, 292 (1988).

Here, Plaintiffs allege that defendants wrongfully converted: (1) $1,000,000 from Kandeel in September of 2007; (2) $250,000 from Drew between February and May, 2007; and (3) $300,000 between October 19, 2006 and October 1, 2007 (Complaint, ¶ 15).  Plaintiff's claim, however fails for several reasons.

First, Plaintiffs have failed to adequately plead the conversion of the funds. Specifically, Plaintiffs failed to allege the second element of a conversion claim, *i.e.*, that Stein "converted the funds for [his] own personal use" or "converted the funds by a wrongful act." *See, Zerin*, 53 Cal. App. 4th at 451. Second, Plaintiffs have lumped all of the defendants together despite the undisputed fact that Stein was not a party to any of the alleged contracts; only IMG Film, Inc. was purportedly a party to the 20% fiction contract, and it is not clear from the pleadings who the parties were in the Consulting Contract.  Thus, other than possibly IMG Films, Inc, none of the Defendants received any of the disputed funds, and none of the Defendants had any duty to Plaintiff with respect to the Funds.  With no such duty owed, Defendants,

resch polster & berger llp

1    and specifically Stein, cannot be liable for conversion. *See, Nally,* 47 Cal.3d at 292.

2    Further, with respect to Stein, Plaintiffs again fail to allege that Stein

3    converted any of the Funds for his personal benefit. Instead, Plaintiffs concede that

4    Stein is only the accountant, bookkeeper, finance executive and agent of the

5    Defendants. (Complaint, ¶ 7).  An agent who merely transfers funds from one place

6    to another (such as an accountant or bookkeeper) without retaining any benefit to

7    himself is *not* liable for conversion. *See, Simonian v. Patterson*, 27 Cal. App. 4th

8    773, 781 (1994) ("…where the recipient of a transfer is but an agent of the creditor

9    to whom the agent, without any benefit to himself, passes along property, liability

10   will not attach to the agent.").  Thus, the general allegations of  misdeeds by Saxon,

11   even if true, cannot be imputed to Stein, whether or not he was an agent of Saxon

12   who, according to Plaintiffs, was simultaneously the agent and the principal, as well

13   as alter ego, of every other defendant.

14   **J.      Plaintiff's Eighth Claim For Relief For Constructive Trust Is Not A**

15            **Valid Claim For Relief And The Remedy Is Contractually Barred.**

16   The Eighth Claim for Relief is purportedly for the imposition of a

17   constructive trust and injunctive relief but fails for two independent reasons.

18   First, a constructive trust is a remedy, not a cause of action.

19            A constructive trust is not a true trust but an equitable remedy

20            available to a plaintiff seeking the recovery of specific property

21            in a number of widely differing situations. The cause of action

22            is not based on the establishment of a trust, but consists of the

23            fraud, breach of fiduciary duty, or other act that entitles the

24            plaintiff to some relief. That relief, in a proper case, may be to

25            make the defendant a constructive trustee with a duty to transfer

26            the property to the plaintiff.

27   5 Witkin, *Cal. Proc.* (5th Ed. 2010) Plead § 840 (citations omitted).  On this ground

28   alone, the Motion is properly granted. Moreover, the Motion is properly granted

resch polster & berger llp

since to even be "eligible" for the remedy of constructive trust, a plaintiff must properly plead fraud, breach of fiduciary duty, breach of promise to buy property for plaintiff, or repudiation of unenforceable express trust, etc. *Id.* Here, as noted above, the entire Complaint is defective and thus there are no underlying claims that could support the remedy.

Second, as to the funds relating to the 20% Fiction Contract, Plaintiff's claim for injunctive relief is contrary to the terms of the contract which Plaintiff claims it executed and therefore binds it. Specifically, Paragraph 7 of the 20% Grand Contract (Complaint, Exh. A) states the following:

> In the event of any dispute hereunder, Financier's remedy shall be limited to an action at law for money damages, and in no event shall Financier have the right to seek injunctive or other equitable relief.

**K.   Plaintiff's Ninth Claim for Relief for Unjust Enrichment Is Not Legally Valid And, In Any Event, Lacks Any Charging Allegations**

In addition to the fact that, with the exception of the facially deficient alter-ego allegation, there are no charging allegations against Stein, under California law, unjust enrichment is not a valid cause of action and does not provide a separate theory of recovery. *Melchior v. New Line Productions*, 106 Cal.App.4th 779, 793. (2003) "The phrase 'unjust enrichment' does not describe a theory of recovery." *Lauriedale Associates, Ltd. v. Wilson*, 7 Cal.App.4th 1439, 1448 (1992). Further, those cases which have allowed claims for "unjust enrichment" are limited to where restitution and other remedies are inadequate. *See, Ghirardo v. Antonioli* 14 Cal. 4th 39, 50 (1996). Here, Plaintiff does not seek restitution; money damages, if any, would be adequate. Thus, as a matter of law, the Motion to Dismiss as to the Ninth Claim for Relief should be granted without leave to amend.

**L.   Plaintiff's Tenth Claim for Relief, for an Accounting, Is Not Properly Pled**

resch polster & berger llp

1   Plaintiff's tenth Claim for Relief, for an Accounting, fails for two independent

2   reasons.  First, an accounting is proper only: (1) where a fiduciary relationship exists

3   between the parties, or (2) where the accounts are so complicated that an ordinary

4   legal action demanding a fixed sum is impracticable. *See*, *City of Fresno v. Cal.*

5   *Hwy. Comm.*, 118 Cal.App.3d 687, 699 (1981). Plaintiff has plead neither

6   alternative: (1) the only relationship alleged is contractual, rather than fiduciary; and

7   (2) Plaintiff does not allege any facts as to the existence of any accounts between it

8   and the Defendants (let alone why they are so complicated to require an accounting).

9   Second, an accounting is an equitable remedy. "Actions of this character are,

10  and always have been, the subjects of equitable jurisdiction only." *Prince v. Lamb*,

11  128 Cal. 120, 125 (1900).  Thus, as described above in § II.C.4, Kandeel cannot

12  plead that he is a party to the 20% Fiction Contract, and at the same time seek relief

13  that is expressly waived there under.

14  **M.   Leave to Amend Should Be Denied**

15  Finally, leave to amend should not be granted because "it is absolutely clear

16  that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248

17  (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000).  Here,

18  the nature of the defective pleadings are such that no amendment can cure the

19  defects.  Accordingly, leave to amend should be denied and Stein dismissed with

20  prejudice from this action.

21  **III.   CONCLUSION**

22  For the reasons set forth above, defendant Robert Stein respectfully requests

23  that the Court grant his Motion in its entirety.

24  Dated: April 5, 2011                    RESCH POLSTER & BERGER LLP

25                                          By: _____/S/_____

26                                              ANDREW V. JABLON
                                                Attorneys for Defendant Robert Stein

27

28