ANDREW V. JABLON (SBN 199083)
E-Mail: ajablon@rpblaw.com
LINDSAY D. MOLNAR (SBN 275156)
E-Mail: lmolnar@rpblaw.com
RESCH POLSTER & BERGER LLP
9200 Sunset Boulevard, Ninth Floor
Los Angeles, California 90069-3604
Telephone: 310-277-8300
Facsimile: 310-552-3209

Attorneys for Defendant Robert Stein

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AYMAN KANDEEL and KIRKWOOD DREW,<br><br>Plaintiffs,<br><br>vs.<br><br>BRET SAXON, INSOMNIA MEDIA GROUP, IMG FILM, INCORPORATED, IMG FILM 14, INC., ROB STEIN, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV11-02747 GW (AJWx)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ROBERT STEIN'S MOTION TO DISMISS**<br><br>[*CA CD Rule 7-12*]<br><br>Date: May 23, 2011<br>Time: 8:30 a.m.<br>Crtrm.: 10<br><br>Trial Date: None Set |

416768.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs want the Court to exercise its discretion to allow them to file yet another amended complaint in a vacuum. For the second time, Plaintiffs have declined to oppose Stein's Motion to Dismiss. They no longer have the right to amend, having amended the Complaint once, and must now seek leave of Court to file a Second Amended Complaint ("SAC"). However, Plaintiffs request ignores that the Court must first address the substantive issues in the Motion to Dismiss the First Amended Complaint (the "Motion") and analyze their defective First Amended Complaint ("FAC") to see if leave to further amend is even proper.

The *Declaration of Michael M. Baranov Re: Request To File A Second Amended Complaint In Lieu of Opposition To Defendant Stein's Motion To Dismiss* (the "Declaration"), however, concedes that the Motion is well taken as it confirms that no Opposition is forthcoming. Moreover, the proposed SAC appended to the Declaration, which other than dropping one cause of action makes *no* modifications to the pleading, confirms that Plaintiffs are not able to cure the defects in their claims against Stein. Accordingly, the Motion to Dismiss should be granted without leave, and Stein dismissed with prejudice.

## II. PROCEDURAL HISTORY

On April 5, 2011, defendant Robert Stein ("Stein") filed a Motion to Dismiss the Complaint, which was set for hearing on May 3, 2011. Instead of opposing the Motion, Plaintiffs, as was their right, filed a First Amended Complaint ("FAC") on the day their opposition was otherwise due.

The FAC, however, made only minor modifications to the original Complaint. Accordingly, pursuant to CD CA Rule 7-3, Stein requested that Plaintiffs meet and confer in advance of his filing of a *Motion to Dismiss the First Amended Complaint*. At this meeting counsel for Plaintiffs stated that he believed the allegations of the

FAC were sufficient.  Stein, therefore, proceeded with filing the instant Motion to Dismiss the First Amended Complaint (the "Motion"), which was set for hearing on May 23, 2011.

Pursuant to CD CA Rule 7-9, Plaintiffs Ayman Kandeel and Kirkwood Drew were *required* to file any Opposition to the Motion not later than May 2, 2011, i.e., twenty-one (21) days before the date designated for the hearing of the instant Motion.  Alternatively, if Plaintiffs were not going to oppose the Motion, they were *required* to have filed a Notice of Non-Opposition on or before the same date.  *Id.*  Plaintiffs did neither.

Accordingly, on May 4, 2011, Stein filed with this Court a *Notice Of Plaintiffs' Failure To Oppose Defendant Robert Stein's Motion To Dismiss And Request For Immediate Ruling On Submitted Papers In Lieu Hearing Because Of Failure By Plaintiffs To Oppose The Motion* (the "Notice").  The Notice requested that, in accordance with CD CA Rule 7-12 and *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995), the Court deem the failure to file an objection as consent to granting the Motion.  Further, pursuant to the relief requested in the Motion to Dismiss the First Amended Complaint, Stein requested that the Court immediately grant the Motion dismissing the First Amended Complaint *with prejudice*.

Now, Plaintiffs' counsel, Michael Baranov, has filed the Declaration, confirming that he did not and had no intention of filing an Opposition to the Motion.  Instead, counsel asserts that he planned on simply requesting leave to amend the First Amended Complaint at the hearing on May 23, 2011.  He does not dispute *any* of the legal arguments raised in the Motion, he just asserts, without any legal support, that he wants yet another attempt at pleading a valid cause of action.

### III.   LEGAL ARGUMENT

Having conceded the propriety of the Motion by way of the non-Opposition, it is not disputed that the Motion should be granted.  Plaintiffs' request to be allowed

leave to amend, however, should be denied as they seek to file a Second Amended Complaint that does not address any of the defects in the original or First Amended Complaint.

The proposed SAC that is appended to the Declaration makes only *one* change to the pleading – it drops the RICO cause of action. There are no other changes to the other *ten* causes of action. In other words, despite being advised of the pleading defects in both the original Motion to Dismiss and the Motion to Dismiss the First Amended Complaint, the Proposed SAC:

1. does *not* provide any facts to support (or even articulate the elements of) an alter ego claim (*see* Motion, Section II(B), Pg. 13);

2. does *not* provide any facts to support Stein being liable for a purported fraud committed by his employer (*see* Motion, Section II(C), Pg. 16-20);

3. does *not* cure the defects in the claim for Money Had and Received (e.g., still does not plead that Stein, or any defendant, received money for Plaintiffs' benefit and, in any event, the claims are time barred) (*see* Motion, Section II(E), Pg. 29-30);

4. does *not* address the time-barred nature of the conversion claim (*see* Motion, Section II(F), Pg. 31);

5. does *not* remove the legally invalid claims of "constructive trust" and "unjust enrichment" (*see* Motion, Section II(G) and (H), Pg. 31-33);

6. does *not* provide any facts to support a claim for accounting generally, or as to Stein whom they acknowledge is not a party to the contract causes of action. (*see* Motion, Section II(I), Pg. 33-34)

The proposed Second Amended Complaint evidences that Plaintiffs are not able to cure the defects identified in Motion. Although *Fed. R. Civ. P.* 15(a) provides that the "court should freely give leave [to amend] when justice so requires", such leave is properly denied when the proposed amendment would be futile. *Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122 (2006).

> Denial of leave to amend based on futility is warranted if the proposed claim would not survive a motion to dismiss. *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir.1996). An amended complaint is futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss. *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C.2002) (quoting 3 *Fed. Prac.* 3d § 15.15[3] ).

*Rumber v. Dist. of Columbia*, 598 F. Supp. 2d 97, 102 (D.D.C. 2009) aff'd, 595 F.3d 1298 (D.C. Cir. 2010).

As detailed in the Motion, and referenced above, the defects identified in the FAC simply cannot be cured. Plaintiffs cannot plead around the statute of limitations, cannot plead around the legal fiction that is several of their claims, and cannot plead around the lack of liability of an employee for the alleged tort of his principal. In fact, Plaintiffs' proposed SAC *made no attempt to address these defects*. Leave to amend should, therefore be denied, as Plaintiffs' proposed SAC makes it "absolutely clear that no amendment can cure the defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Dated: May 5, 2011         RESCH POLSTER & BERGER LLP

By: _____/S/_____
ANDREW V. JABLON
Attorneys for Defendant Robert Stein

416768.1         5